ATTORNEY GENERAL (ON RELATION OF JOHN A. TER VREE ET AL.) v. HENDRIK GEERLINGS ET AL.

*Quo warranto—Ecclesiastical offices.*

The office of deacon is ecclesiastical, not statutory, and is controlled by the unincorporated membership of a religious association the decision of whose tribunals upon the election thereto is final.  And the fact that the deacons are authorized by statute to be ex-officio trustees of the church on its civil incorporation makes no difference.

Quo warranto proceedings.  Submitted October 23.— Decided January 14.

*Stone & Hyde* for relators, as to the control of temporalities by church officers, cited *Lawyer v. Cipperly* 7 Paige 281; *Doremus v. Dutch Ref. Ch.* 2 Green Ch. 332; *Den v. Bolton* 12 N. J. L. 236; as to the proceeding by quo warranto against the officers of religious corporations: *Com. v. Arrison* 15 S. & R. 131; *Com. v. Woelper* 3 S. & R. 29; *Com. v. Cain* 5 S. & R. 510; *Com. v. Murray* 11 S. & R. 74; and see *Com. v. Union F. & M. Ins. Co.* 5 Mass. 231; *State v. Buchanan* Wright 233; *State v. Ashley* 1 Ark. 514; *State v. Harris* 3 Ark. 570; Ang. & Am. on Corp. § 736; *People v. Tibbets* 4 Cow. 358; it is the appropriate remedy against persons usurping the franchises and privileges of a board of trustees of an incorporated church association: High Ext. Rem. § 664; *Hullman v. Honcomp* 5 Ohio St. 237; *Com. v. Graham* 64 Penn. St. 339; *State v. Farris* 45 Mo. 183; also *Jackson v. Nestles* 3 Johns. 115; *Bellport v. Tooker* 29 Barb. 256; *North Baptist Church v. Parker* 36 Barb. 171; *Presbyterian Society of Gallipolis v. Smithers* 12 Ohio St. 248; *First Parish in Sudbury v. Stearns* 21 Pick. 148; *Trustees*

*of Vernon v. Hill.* 6 Cow. 23 ; *Nelson v. Benson* 69 Ill. 27 ; 73 Ill. 132 ; a religious corporation is like any other private corporation, and the right of the Attorney General, in behalf of the People to file an information in such cases, has been recognized by repeated decisions : *People v. Oakland Co. Bank* 1 Doug. (Mich.) 286 ; *Attorney General v. Michigan State Bank* 2 Doug. (Mich.) 359 ; *People v. River Raisin & Lake Erie R. R. Co.* 12 Mich. 389 ; *Coon v. Plymouth Plank Road Co.* 31 Mich. 178 ; *People v. DeMill* 15 Mich. 164. .

*J. C. Post* and *W. B. Williams* for respondents.  The post of " deacon and ex-officio trustee " is not an office : Bouv. Dict., tit. " Office ; " *Throop v. Langdon* 40 Mich. 673 ; the remedy by quo warranto should be confined to cases where " offices " in the legal sense of the word are involved ; and the quarrels of village church societies and other strictly private corporations should be settled by bill in chancery in the local courts ; *Darley v. Reg.* 12 C. & F. 520 ; *King v. Ogden* 10 B. & C. 230 ; *Com. v. Murray* 11 S. & R. 73.

COOLEY, C. J.  The information in this case is filed by the Attorney General on the relation of John A. Ter Vree and three others, claiming to be deacons and ex-officio trustees of the First Dutch Reformed Church of Holland in this State, against the four respondents who are alleged to be intruders into the said office.  The information is somewhat long, and contains much that could be important only as evidence.  The material allegations are as follows :

" That on the first day of January, 1851, the said First Dutch Reformed Church of Holland was duly incorporated under and in accordance with the provisions of section 23 of chapter 52 of the Revised Statutes of the State of Michigan of 1846, under the corporate name of ' The Consistory of the First Dutch Reformed Church of Holland,' and thereby the minister, elders and deacons thereof, and their successors in office, became and ever since have been and still are a body corporate under the name aforesaid.

And that Hendrik Geerlings, Bastiaan Steketee, Jan W. Bosman and Kommer Schaddelee, all of the said county of Ottawa, State aforesaid, for the space of five months, now last past, have unlawfully held, used and exercised, and still do unlawfully hold, use and exercise, without any legal elec-

tion, appointment, warrant or authority whatsoever, the office of members of said corporation, claiming to be deacons and ex-officio trustees of said church and society, to wit: at the city of Holland in the county of Ottawa, aforesaid; and that each of them hath used and exercised, and still doth use and exercise the said office of a member of said corporation, claiming to be a deacon and ex-officio trustee of said church and society, the First Dutch Reformed Church of Holland, to wit: at the place and in the county aforesaid.

And that said Hendrik Geerlings, Bastiaan Steketee, Jan W. Bosman and Kommer Schaddelee for and during all this time last above mentioned, without any legal warrant or authority, election or appointment whatsoever, at the city of Holland, and in the county of Ottawa, have claimed, and still do claim to be members of said corporation, and deacons and ex-officio trustees of said church and society, the First Dutch Reformed Church of Holland; and each of them hath claimed, and still doth claim to be a member of said corporation, and a deacon and ex-officio trustee of said church and society, and to have, use and enjoy all the liberties, privileges and franchises to the office of a member of said corporation, and a deacon and trustee of said church and society belonging and appertaining.

And the said Attorney General further gives the Court here to understand and be informed, that at an election by said church and society, the First Dutch Reformed Church of Holland, for deacons, held on the 30th day of March, A. D. 1882, at the city of Holland, aforesaid, John A. Ter Vree, Ame Vennema and Abram M. Kanters were duly chosen and elected, and on the 16th day of April, A. D. 1882, were duly ordained and installed deacons of said church and society, and thereby became members of said corporation and trustees of said church and society.

And that, at a like meeting and election by said church and society, for deacons, held on the 29th day of November, A. D. 1883, at said city of Holland, Gerritt J. Huizinga was duly chosen and elected, and on the 16th day of December, A. D. 1883, was duly ordained and installed a deacon of said church and society, and thereby became a member of said corporation, and a trustee of said church and society. And that said John A. Ter Vree, Ame Vennema, Abram M. Kanters, and Gerritt J. Huizinga have, ever since their said several ordinations and installations, been, and still are, rightfully entitled to hold, use and exercise the said office of members of said corporation, and deacons and trustees of

said church and society, The First Dutch Reformed Church of Holland, which said office of members of said corporation, the Consistory of the First Dutch Reformed Church of Holland, and deacons and ex-officio trustees of said church and society, the said Hendrik Geerlings, Bastiaan Steketee, Jan W. Bosman and Kommer Schaddelee, during all the time aforesaid, have usurped, intruded into, and unlawfully held and exercised, and still do usurp, intrude into, and unlawfully hold and exercise," etc.

And the information calls upon the respondents to show by what authority they claim to use, hold and enjoy the said offices, etc.

The respondents demurred generally to the information, and they also assigned three special causes of demurrer, which may be summarized as follows:

1. That the offices of deacons and ex-officio trustees of said church and society are not offices created by the statute under which the said church and society are incorporated, but by the constitution, rules and usages of said reformed church, an ecclesiastical body having no concern with the government, and nothing of a public nature about it.

2. That the said corporation is a private corporation, having nothing about it of a public nature.

3. That the said offices of deacon and ex-officio trustees are not "offices" within the purview of the statute upon which the information is based.

It is upon these special causes of demurrer that the case has been argued in this Court.

The statute under which the information is filed, provides that "An information in the nature of a quo warranto, may be filed in the Supreme Court, either in term time or vacation, by the Attorney General, against individuals, upon his own relation, or upon the relation of any private party, and without applying to such Court for leave, in either of the following cases: 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this State; or any office in any corporation created by the authority of this State." How. Stat. § 8635. The other cases specified in the statute need

not be here enumerated. The section of the statute to which the relators refer as the one under which they are organized, is as follows:

Whenever by the constitution, rules and usages of any particular church or religious denomination, the minister or ministers, elders and deacons, or other officers, elected by any church or congregation, according to such constitution, rules or usages, are thereby constituted the trustees of such church or congregation, it shall be lawful for such minister or ministers, elders and deacons, or other officers, to assemble together, and execute under their hands and seals a certificate, stating therein the name by which they and their successors in office shall forever thereafter be called and known, which certificates shall be acknowledged or proved and recorded as hereinbefore directed; whereupon such persons and their successors in office shall be a body corporate by the name expressed in such certificate, with all the rights, powers and privileges of other religious corporations, constituted according to the provisions of this chapter. Rev. Stat. 1846, ch. 52, § 23.*

It will be seen that the society whose offices are in question in this proceeding has no charter of incorporation from the State, but that it is organized by the voluntary action of a pre-existing church, under a statute which permits the members to assume corporate powers. It will also be seen that the statute does not create the corporate offices, but permits the officers of the church to be corporate trustees ex officio.

The question principally discussed by counsel in the case is that of the jurisdiction of the court. The question has two branches: *First,* whether in the case of a corporate office like the one now in question, the Supreme Court has original jurisdiction to inquire into usurpations of office; and *second,* whether the office in question is one which is properly the subject of this proceeding. Upon the first branch of this question we say nothing at this time; only remarking that passing it without further remark is not to be understood as the intimation of an opinion one way or the other.

Upon the second branch of the question we are agreed against the jurisdiction. This case brings in question the right to a purely ecclesiastical office, namely, the office of deacon in

the church. This is an office not created or expressly authorized by State law, but is one created by an unincorporated ecclesiastical body, and filled by election by a body which possesses no corporate powers or functions.   Over the office and over the election to it the courts of the State have no authority whatever; they are controlled exclusively by an unincorporated membership in an organization whose unincorporated tribunals decide for themselves, and decide finally upon the elections.

The ground assigned as supporting the right to inquire into the rightfulness of the elections in this case, is that the deacons in the unincorporated society become ex-officio trustees in the corporation.   But that fact cannot put the religious body and its elections under the control of the temporal courts.   If property rights become involved and trusts come in question, the courts will have no difficulty in dealing with them; but nothing of the sort is in question on this information.

The demurrer must be sustained.

The other Justices concurred.

*J. C. Post* and *W. B. Williams* for respondents.