# Dismukes, *et al. v.* State *ex rel.* Hill, *et al.*

*Quo Warranto to Oust Church Trustees.*

(Decided February 1, 1912. Rehearing denied April 25, 1912.
58 South. 195.)

1. *Religious Societies; Churches; Elements.*—An incorporated church consists of two distinct elements: First, the church proper, and second, the incorporation, which latter has relation alone to the temporalities of the institution.

2. *Same; Regulation of Affairs; Jurisdiction.*—The courts may exercise jurisdiction to protect the temporalities of an incorporated religious body, but are without jurisdiction to hear and determine any controversy pertaining purely to ecclesiastical or spiritual phase of the body.

3. *Quo Warranto; Religious Societies; Trustees; Right of Office; Jurisdiction.*—Since the incorporation of an existent religious body is that of the members thereof, trustees selected by that body to effect the incorporation are not holders of office in a corporation created by authority of the state within the provisions of sec. 5453, Code 1907; such trustees being subject to change in personnel when the major purpose is attained, without the control or revision of any civil tribunal.

APPEAL from Birmingham City Court.
Heard before Hon. C. C. NESMITH.

[Dismukes, et al. v. State ex rel. Hill, et al.]

Information by the State, on the relation of Will Hill and others, against I. L. Dismukes and others, in the nature of quo warranto, to oust respondents as trustees of a certain church. From a decree overruling demurrers to the petition, respondents appeal. Reversed and remanded.

The case made by the petition is that the Sardis Baptist Church is a religious corporation, created and duly organized under the general laws of the state of Alabama providing for the incorporation of such bodies; that the corporation is the owner of valuable real property in Jefferson county, Ala., valued at $3,000, which is by law subject to the control and management and custody of the legal trustees of said corporation. Relators are alleged to have been regularly elected by a majority of the membership of said church in attendance at the time of said election, as required by the rules and regulations of said church. It is then alleged that on the 1st day of January, 1909, the respondents named unlawfully usurped, intruded into, and exercised the offices of trustees in said church. It is then alleged that they are not entitled to exercise such functions, but that the relators are legally entitled to the same. The demurrers raise the proposition treated in the opinion.

C. B. POWELL, for appellant. The members and their associates become the incorporation, and the trustees a mere vehicle for the purpose of incorporation.—*Hundley v. Collins,* 131 Ala. 241; Sec. 3613, et seq, Code 1907. No temporal rights are involved, and the courts will not interfere in the organization of a religious corporation.—*Hundley v. Collins, supra; State ex rel. McNeel v. Bibb St. Church,* 84 Ala. 23; *Attorney General v. Geerling,* 55 Mich. 562. It follows from these authorities that the court erred and its judgment should be reversed.

ALLEN & BELL, for appellee. Under the allegations of the petition the officers of the corporation are within the influence of sec. 5453, Code 1907, and the provisions of said section authorize the proceedings. The demurrers were general, and cannot be considered.—Sec. 5340, Code 1907; *Hamm v. State ex rel. Buck,* 156 Ala. 645. Under the authority of this case the allegation of the petition is sufficient. The petition also alleges that the persons were elected trustees, and are still trustees of said corporations.—*Thorington v. Gould,* 59 Ala. 464. The following decisions will be found helpful on the whole case.—*State v. Kitchens,* 148 Ala. 385; *Pope v. State,* 154 Ala. 148. For authority of the civil court to determine the matters herein involved, see *Harris v. Cosby,* 55 South. 235, and authorities there cited.

McCLELLAN, J.—The right of the relators to invoke quo warranto against the respondents, who are assuming to act or serve as trustees of the Sardis Baptist Church, is contended by relators to rest in this phase of Code, § 5453: "An action may be brought in the name of the state against the party offending, in the following cases: (1) When any person usurps, intrudes into, or unlawfully holds or exercises, * * * any office in a corporation created by the authority of this state."

In *Hundley v. Collins,* 131 Ala. 234, 241, 32 South. 575, 90 Am. St. Rep. 33, it was affirmed that the *members* of the church (the statutes contemplate an existing religious body—a church) "became incorporated."

It has also become settled with us, as elsewhere generally, that an incorporated church consists of two distinct elements, viz., the church proper and the corporation, which has relation alone to the temporalities of the institution.—*Christian Church v. Sommer et al.,*

149 Ala. 145, 43 South. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 27; *Hundley v. Collins, supra.* The courts have no jurisdiction to hear and determine any controversy pertaining purely to the ecclesiastical or spiritual phase of an incorporated religious body; but, on the other hand, the courts do not hesitate to exercise the rightful power to protect the temporalities of a religious body.—*Christian Church, etc., v. Sommer et al., supra; Hundley v. Collins, supra.*

The incorporation of an existent religious body being that of the *members* thereof, it is a consequence that the selection, by the body, of *trustees* to effect the incorporation thereof is but an authoritative act of the body looking to the consummation of the incorporation—an agency which, when afforded, and when the major purpose is attained, is subject to change *in personnel* without the control or revision of civil tribunals. It follows, of course, that such trustees are not, at any time, the tenants of offices in a corporation created by authority of this state, within the purview of the quoted provision of section 5453. So far as mere *tenure* of the place of trustee is concerned, such officers (trustees) are the creatures alone of the active spiritual phase of the religious body's existence, and are hence without the jurisdiction of the civil courts. The Michigan court, speaking through Cooley, C. J., in *Attorney General v. Geerlings,* 55 Mich. 562, 22 N. W. 89, took account of and approved, with respect to a statute very similar to the quoted provision of our section 5453, the doctrines which we here apply.

It is hardly necessary to add—the best caution suggests it—that these observations and conclusions are without reference to matters involving titles to property, when their investment in individuals, *as trustees,* is

a factor in controversies arising with respect to the title, etc., thereof.

The demurrer to the petition should have been sustained; the court being without authority to hear and determine the issue presented thereby.

Reversed and remanded. All the Justices concur, save DOWDELL, C. J., not sitting.