FULBRIGHT *et al.* v. HIGGINBOTHAM, *Appellant.*

### Division One, March 24, 1896.

1. **Injunction**: TRESPASS: CHURCH SOCIETY.  To settle the rights of contending factions of an unincorporated church society to the use of the church property, injunction will lie at the instance of the faction entitled to the property to restrain trespasses by the other faction thereon.

2. **Church Property**: DEACONS: TRESPASS.  The deacons of an unincorporated church, governed wholly through its congregation, authorized as the constituted authority of the church to control the use of its property (which was conveyed to trustees in trust for the church), have authority to exclude those members who refuse to recognize the authority of the regular organization.

3. ———: ———: ———: ———.  If church members are improperly excluded by the deacons from the use of the church property, they must apply to the courts for redress or appeal to the congregation.

4. ———: CIVIL COURTS: PROPERTY RIGHTS.  While the civil courts will not review the action of ecclesiastical bodies in matters relating purely to the faith and discipline of the church, yet for the purpose of determining the property rights of the members, they will pass upon questions which are ecclesiastical in their nature.

*Appeal from Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*Rechow & Pufahl* for appellant.

(1) The court improperly admitted the minutes kept by plaintiffs, as there was a record kept by the proper officer. *Shehan v. Ins. Co.*, 53 Mo. App. 355; *Lewin v. Dille*, 17 Mo. 69; *Ins. Co. v. Lonergran*, 21 Mo. 49; *Carr v. Carr*, 36 Mo. 411; *Price v. Hunt*, 59 Mo. 261; *Olive v. Morgan*, 28 S. W. Rep. 573. (2)

The court improperly excluded the evidence offered by defendants as to the contents of the subscription, every reasonable effort having been made to find the subscription list. *Strain v. Murphy*, 49 Mo. 337; *Waggoner v. Alvord*, 16 S. W. Rep. 1083. (3) The defendants' demurrer should have been sustained for the reason that it was shown that defendants had the same rights in the premises that the plaintiffs had. Wilson, the third trustee was neither party plaintiff nor defendant but according to the testimony was acting with defendants. Both factions claimed a legal right to the premises. Under such circumstances injunction will not lie. 1 High on Injunctions [2 Ed.], secs. 698, 699, 701, 712; *Owen v. Ford*, 49 Mo. 436; *Echelkamp v. Schrader*, 45 Mo. 505; *Weigel v. Walsh, Id.* 560; *Bailey v. Ware*, 24 Mo. App. 186; *Carney v. Headley*, 22 L. R. A. 233; *Carney v. Headley*, 32 Fla. 344; *Barkler v. Railroad*, 10 Mo. App. 453; *Taylor v. Todd*, 46 Mo. App. 555; *Burgess v. Castleman*, 41 Mo. App. 480. (4) Thomas Higginbotham had the right to direct appellant to enter, especially when it is shown that the other legal trustee was acting with appellant's faction. Trustees named in a deed can only be removed for cause; merely ceasing to be members does not forfeit the trusteeship. *Bouldin v. Alexander*, 15 Wall. (U S.) 131; *Jones v. State*, 44 N. W. Rep. 658, and authorities there cited. See, also, authorities under point 5. (5) The action of one faction in declaring, without notice, hearing or evidence, the members of the other suspended, will in a civil action involving property rights be considered of no effect. *Congregation v. Otterson*, 49 N. W. Rep. (Wis.) 24; *Determan v. Leuhrman*, 37 N. W. Rep. (Iowa) 331; *Jones v. State*, 44 N. W. Rep. (Neb.) 658. The action of plaintiffs' faction did not have the effect of expelling appellant. Authorities *supra*. (6) Under Baptist usage a mem-

ber charged with heresy must have ample opportunity to defend himself. Church Manual, by J. M. Pendleton, page 141. Baptist Church Directory, by Edward T. Hiscox, pages 98, 99, and notes.

*Upton & Skinker* for respondents.

(1) The petition states a good cause of action, and the demurrer was properly overruled. Appellant wholly fails to state why, or wherein the petition is objectionable. Nor why there is a nonjoinder of parties. (2) Thomas Higginbotham could give appellant no warrant to enter the church and remove the lock. Although Thomas Higginbotham was named in the deed as a trustee, yet he was only a temporary trustee, and when the church organized and elected deacons, who by the laws of the church, have charge of the property and business of the church, he ceased to be a trustee, or at best was but a naked trustee, to hold the title for the church, and had no power or right coupled with his trusteeship. But the deed was to Fulbright, Wilson, and Higginbotham and their successors, and respondents being the deacons at the time the suit was brought, they were the successors of the original grantees. (3) When a church faction wrongfully claims to be the true church, and assumes the name of the church from which it has been expelled, injunction is the proper remedy, and a court of equity having jurisdiction of the cause will restrain the faction from interfering with the church property, and give entire relief. *Watson v. Jones*, 13 Wall. 679. (4) The action of a church, whether regular or irregular, when the subject-matter of dispute is purely ecclesiastical in its character, as the expulsion of a member for heresy, is absolutely binding upon the civil courts. *Watson v. Jones*, 13 Wall. 679; *State ex rel. v. Farris*,

45 Mo. 183; *McRoberts v. Mondy*, 19 Mo. App. 26. (5) In equitable actions where all the evidence is not preserved in the record, the only questions for the appellate court to review are, whether the court had jurisdiction and the petition states a cause of action. *Roberts v. Bartlett*, 26 Mo. App. 611.

MACFARLANE, J.—This suit is brought by plaintiffs as deacons and trustees of the Pleasant Hill Baptist church, in Polk county, to restrain the defendants, and those acting with them, from claiming and assuming to be such church, from using the church name, and from entering on or interfering with the property, books, and records of said church; and to adjudge that the church represented by plaintiffs is the true Pleasant Hill Baptist church, and is entitled to hold, govern, and control the property, books, and papers and records thereof.

The petition charges in substance these facts: "That plaintiffs are the deacons and trustees of Pleasant Hill Baptist church, an unincorporated religious society of the Baptist denomination. That as such they represent themselves and others, the members of that church, and are entitled to the control and possession of the property of the church, and the management of its business affairs. That on or about August, 1888, the defendants were expelled, and ceased to be members, and to have any right to control the business, property, or affairs of said church, in any manner. That on September 15, 1884, Pleasant Hill Baptist church obtained for itself certain lands for church and cemetery purposes, which were conveyed by deed to Thomas Higginbotham, Jason Fulbright, and James Wilson, and their successors in office, as trustees of said church. That since said time Higginbotham and Wilson have ceased to be members and trustees. That

the church erected a house on the premises, and that the same is used for church and cemetery purposes. That the defendants and a large number of others claim to be Pleasant Hill Baptist church, and assume the right to control and use the property, against the will of the plaintiffs and those whom they represent, and threaten to continue such unlawful acts. That defendants and other unauthorized persons have at divers times, and repeatedly up to the time of the bringing of this action, continued to enter upon said property without the consent of plaintiffs, and against their wishes and orders. That defendants and those acting with them have possession and control of the title papers, books, and records of said church."

Defendants answered separately, denying each allegation of the petition. By his answer defendant Gideon Higginbotham admitted that in July or August, 1888, an attempt was made to expel him and his codefendant G. M. Botts from said church by resolution, but charges that such action was taken without preferring charges against them, except as contained in the resolution, and without notice. That said proceedings were brought about by conspiracy and fraud on the part of plaintiff and those members of the church acting with them, by secretly and collusively securing the attendance of their friends at the church meeting and by concealing from the friends of defendant their intention. That the congregation of the church numbered one hundred and seventy members and only forty-one voted for his expulsion, while twenty-nine voted against it, only seventy members being present; that some persons voting in the affirmative were not members and were not entitled to vote, and the whole proceeding was illegal and void. That he is and has ever been "recognized by the real congregation of the church as in good standing and has acted with them as repre-

sented by defendants and those acting with them, who constitute a majority of said congregation." He prayed that said fraudulent acts be set aside and for naught held, and for all proper relief.

The reply to this answer was a general denial.

It was shown that the Baptist church is congregational in form and government. That each church is sovereign and independent, and all matters of faith and discipline are determined by the vote of the members.

The church records were read in evidence. By these, it appears that in March, 1888, the congregation voted to ordain said defendant Gideon Higginbotham to the full work of the ministry and called upon certain other Baptist ministers to officiate with the pastor of that church in the ordination. At the April meeting the church met for the purpose of the ordination and seven elders of that and other churches were appointed to examine the applicant. This committee afterward reported the candidate unsound in the faith held by the church and refused to ordain him.

At the May meeting the congregation ordered the ordination to proceed, and the candidate was ordained by Elder G. M. Botts (one of the defendants herein), who was a member of said congregation, and William Palmer, an elder of another church.

At the August meeting of the church, 1888, the following resolution of the congregation was offered and adopted.

"WHEREAS, Elders G. M. Botts and G. H. Higginbotham, members of the Baptist church at Pleasant Hill, Polk county, Missouri, have taught and are teaching doctrine that is contrary to the teaching of the word of God and the third article of the Baptist faith, relative to the fall of man, in that they teach that the sin of Adam did not affect his posterity spiritually, and that the infantile world stands just where Adam stood

before he sinned, and that the heathen who are without the gospel stand just where the infant now is; and,

"WHEREAS, Their teachings are leading some off after them, causing division and trouble among the Baptists as a denomination;

"*Resolved,* That we, the Baptist church at Pleasant Hill, will not fellowship such teaching, and that we hereby withdraw our fellowship from said elders and all those members that openly profess to believe as they do."

The minutes of the meeting show that "the foregoing resolution, after strong debating, was carried by a vote of forty-two to twenty-nine." It appears from the evidence that said defendants were present and participated in the discussion.

It appears that no previous notice was given these defendants that such charges would be preferred, but it also appeared that they were present and participated in the proceedings. As I understand, they did not deny the substance of the charges, but they protested against proceeding at that time, but voted on the resolutions. The objection to the proceedings seems to be that there was not a full membership of the congregation present.

From the time of this action the congregation was divided into two factions. Said defendants did not recognize the action of the church in excluding them, and they led one faction claiming themselves to constitute the church. The other faction was composed of those who voted for the expulsion, and their adherents.

A deed from Allen W. Whitney to Thomas Higginbotham, Jason W. Fulbright, and James Wilson as trustees of Pleasant Hill Baptist church, and to their successors, conveying a parcel of land for a church

building and cemetery was read in evidence. This deed was dated September 15, 1884.

The deacons of the Baptist church, elected from time to time, are, under its laws and usages, *ex officio* trustees, and have charge and control of its property, records, etc.

A church was built upon this land and was used by the congregation as a place of worship and for holding its business meetings.

After the exclusion of defendants they insisted that they and their adherents were entitled to the possession and use of the church property. The faction which retained possession of the property, and the church organization, refused to permit defendants to use the church for any purpose, and in order to exclude them put a lock upon the door and kept the building locked. Defendant Higginbotham removed a glass from the window through which he gained access to the church building; he then opened the door and others came in through it and they held religious services. When expostulated with he insisted that he would do so at any time thereafter when he and his followers should be locked out of the church. He claimed the right, not only as representing the church, but by authority from Thomas Higginbotham, one of the original trustees.

After hearing the evidence, the court dismissed the bill as to all the defendants except Gideon Higginbotham, and entered this finding and decree: "That the plaintiffs herein are deacons and, with Thomas Higginbotham, are trustees of said church, and as such are entitled to the management, use, and control of the same, and of the management of the business affairs, as against the said Gideon Higginbotham, who is hereby restrained from committing any acts of trespass against the said church property, or taking possession

or control thereof. And the plaintiff's bill as to the other defendants is dismissed.''

From this decree said defendant appealed.

I. Objection was made in the circuit court, and is renewed here, that injunction will not lie to restrain mere acts of trespass such as was threatened by defendants in this case.

It is true the act which it was shown defendants had committed, and which they threatened to repeat, was only one of an ordinary trespass upon real estate, but justification is attempted on the claim that appellant and those associated with him were entitled to the right to enjoy the use of the church property for the reason that they represented the true church. It will therefore be fair, under the pleadings, for the purpose of determining the question of jurisdiction, to interpret the trespasses as assertions of the rights claimed, and to regard this proceeding as intended to settle the rights of two discordant factions of the congregation in respect to their right to use and control the church property. For such purpose injunction is recognized as a proper remedy. 1 High on Injunctions, sec. 305; *Prickett v. Wells*, 117 Mo. 503; *Watson v. Jones*, 13 Wall. 679.

II. The controversy in this case grows out of a division of the congregation of the Pleasant Hill Baptist church, an unincorporated association formed for religious purposes. The church is congregational in its form of government and is entirely independent of any other or higher ecclesiastical authority. Plaintiffs are its deacons and *ex officio* trustees and have charge and management of its temporal and business affairs, its property, books, and records. So far as appears, they were regularly elected to the official positions they filled. By a majority vote of the congregation, present on the occasion, defendants Botts and Gideon Higginbotham were excluded from the associa-

tion on account of religious opinions held and taught by them, which were regarded by those who voted for their expulsion as unscriptural, heretical, and contrary to the doctrines of the general Baptist church. A large number of the members of the association disapproved of the action of the others in their expulsion of these persons, and, led by them, insisted upon the right to use the church property for the purpose of holding religious services. The officers of the church denied them this right and they undertook to secure it by forcibly entering the house of worship.

The right to the use of the church property was claimed upon the ground that the action of the congregation in excluding the two members was illegal and contrary to the laws, and usages of the Baptist church, and for the additional reason that two of the original trustees to whom the property was conveyed adhered to their party and authorized the acts of trespass complained of. They also claim that their party includes a majority of the members of the association.

It is well settled law that the civil courts have and will exercise no jurisdiction to review the action of ecclesiastical bodies in matters relating purely to the faith and decipline of the church. It was for the congregation itself to determine whether these members held to doctrine that was contrary to that taught and held by the church, and to prescribe the rules of discipline. But the members of these bodies have the same right as those of other voluntary associations of persons formed for charitable and benevolent purposes to seek the aid of the civil courts to prevent a diversion of its property from the uses and trusts to which it was devoted, and to secure to the members the enjoyment of the rights of membership in respect to the use of the property. It therefore sometimes become necessary for the civil courts, for the purpose of determining

property rights of members, to pass upon questions which are ecclesiastical in their nature. *State ex rel. v. Farris*, 45 Mo. 183; *Prickett v. Wells*, 117 Mo. 503; *Russie v. Brazzell*, 128 Mo. 107.

But we do not deem it necessary to determine in this case any question of the faith, practice, or discipline of the church. Assuming that the legal title to the property remains in the original trustees they have no personal ownership beyond the naked trust; they hold the title for the use of the congregation, and in their duties they are governed by the deacons, in whom, as the constituted authority of the church, the power of control is vested. These officers have the power, while their authority continues, to determine by whom the property may be used, and have the power to exclude those members who refuse to recognize the authority of the regular organization.

There is no complaint that the members who have control of the organization, or the officers appointed by them, are, by their use of the property, diverting it from the trusts declared in the deed under which it was acquired. Though defendants may be still members of the organization (which we do not decide) they must be governed by its rules and usages and have no right to resort to acts of trespass to secure rights which they suppose have been denied them. If their rights to the use of the property are interfered with they should apply to the courts or appeal to the congregation for redress.

The judgment appealed from did not deny to defendant the right to enjoy, in a proper manner, the use of the property or to pass upon the regularity or validity of the action of the congregation in passing the resolution of expulsion. Plaintiffs took no appeal and can make no complaint, and defendant is only restrain-

ed from what no member had a lawful right to do. We find no error prejudicial to defendant in the record and the judgment is affirmed. All concur.