[Christian Church of Huntsville, et al. v. Sommer, et al.]

# Christian Church of Huntsville, *et al.* v. Sommer, *et al.*

### *Injunction.*

(Decided Feb. 5th, 1907.  43 So. Rep. 8.)

*Injunction; Disturbance of Religious Worship.*—A bill will lie to enjoin non-members of a religious organization from forcibly entering a church, changing the locks thereon, threatening to disturb and interfere with the rights of the trustees in their possession and control of the church property, and interfering with the orderly worship of God, although civil courts will not hear and determine controversies pertaining to the ecclesiastical or spiritual features of a church.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by the Christian Church of Huntsville, Ala., and others, against Daniel Sommer and others. From a decree sustaining demurrers and a motion to dismiss for want of equity, plaintiffs appeal. Reversed and remanded.

This is a bill filed by the trustees of the Christian Church of Huntsville, Ala., against certain members of a church alleged to be an independent church and having no connection with or right to the church building concerning which this bill is filed. It is alleged that the Christian denomination, known as the Disciples of Christ, is congregational in its nature and creation, with no sovereign power independent of its own membership, but that it is governed exclusively by the will of its members in good standing, with no superior or directing power other than is found in the government of the church by its own membership. It is alleged that the defendants were formerly members of the congregation worshipping in the church building concerning which this bill is filed, but that they voluntar-

10

ily withdrew from said congregation, releasing their membership therein, two years or more ago, and since their said voluntary withdrawal they have no connection with the said congregation, with no right of association therein, and no duties and obligations of said congregation resting upon them. It is further alleged that, since their withdrawal from the congregation worshiping in the said church building, they have associated themselves into an independent church relation, wholly disconnected from the church building owned by orators, and have been conducting worship in the City Hall and eleswhere in the city of Huntsville. It is further alleged that Cambron, one of the defendants, is an elder in the church; that he resides in the state of Tennessee, but that for several months he has been preaching and has had charge of the Christian Chuich at Dallas, a suburb of Huntsville, and has also had charge of the independent church worshiping in the City Hall at Huntsville. The defendant Daniel Sommer is alleged to reside in the city of Indianapolis, but that he is temporarily in the city of Huntsville by invitation of the members of the independent church organization preaching to them; that the defendants Cambron and Sommer, under an assumed authority, but without legal right or excuse, demanded of orators the keys to the church building, but were refused said keys, whereupon the defendant and other members of said independent church organization forcibly broke into said church building on Sunday, April 10, 1904, and unlawfully entered therein. The said defendants, under pretense of holding a church meeting and worshiping God, proceeded to change the locks of said church building, and without authority or legal excuse, and in the absence of the congregation entitled to worship in the said church building, attempted to depose the legally elected and constituted trustees of the said church organization, a corporation as aforesaid. The said defendants, after the commission of the trespass upon said church property, locked the doors of the church building, and denied admission to the legally constituted trustees (orators), and the said defendants proposed to elect trustees and oust the legally elected trustees of the said Christian

[Christian Church of Huntsville, et al. v. Sommer, et al.]

Church; that defendants do threaten and have threatened a further trespass upon said church building, invading the rights of orators, and defying the rights of said trustees, and claiming the right to hold worship in said church building, and to expel your orators from said congregation, and to depose them as trustees of your orator the Christian Church of Huntsville, Ala. It is further alleged that a demand has been made to open the doors of the church by the defendants, and that, if the demand is not withdrawn, there will be a breach of the peace in the house of God; that every attempt of the constituted authorities to hold a meeting for the worship of God is interfered with by defendants. An injunction is prayed to restrain any further trespass, and to restrain any interference with the legally constituted authorities in the management of the property, etc. The motion to dismiss for want of equity, and the demurrers to the bill, are sufficiently set out in the opinion This appeal is from a judgment sustaining demurrers and motion to dismiss for want of equity.

COOPER & FOSTER, for appellant.—The court erred in its action as to the motion to dismiss for want of equity and demurrer.—*Brundage v. Deardorf,* 55 Fed. 839, s. c. 92 Fed. 214; *Beatty v. Kurtz,* 2 Peters, 566; *Fullwright v. Higginbotham,* 34 S. W. 875; *Prickett v. Wells,* 24 S. W. 52; *Inglehart v. Rowe,* 47 S. W. 577; 1 High on Injunctions, § 305; 1 Ex. Rem. § 357. There is no analogy whatever between the issues presented in this case and the questions decided in the case of *Hundley v. Collins,* 131 Ala. 234.

OSCAR R. HUNDLEY, for appellees.—The bill is an effort to enjoin a trespass, and hence, without equity.— *Hamilton v. Brent Lbr. Co.,* 127 Ala. 78. Complainants have an ample remedy under section 5620, Code 1896, and hence, there is no equity in the bill.—16 A. & E. Ency. of Law, p. 354, 360; High on Injunctions, § 460; *Kellar v. Bullington,* 101 Ala. 267; *Deegan v. Neville,* 127 Ala. 471. Aside from the question of trespass the only other issues presented by the bill have

been decided adversely to the contentions of the bill in the case of *Hundley v. Collins,* 131 Ala. 234.

McCLELLAN, J.—Appeal from granting motion to dismiss for want of equity, and sustaining demurrers to the bill. An incorporated church is composed of two distinct elements, viz.: The church proper, as distinguished from the entity created by the act of incorporation; and the corporation itself, which has relation only to the temporalities of the institution. The purpose of the incorporation of a church is to acquire and care for the property thereof.—*Hundley v. Collins,* 131 Ala. 234, 32 South. 575, 90 Am. St. Rep. 33. As regards the purely ecclesiastical or spiritual feature of the church, the civil courts have steadily asserted their utter want of jurisdiction to hear and determine any controversy pertaining thereto.—*State ex rel. v. Bibb Church,* 84 Ala. 23, 4 South. 40; *Hundley v. Collins, supra.* On the other hand, the civil courts have, without hesitation, exercised their jurisdiction to protect the temporalities of the church. The court of chancery should and does exert its powers, in a proper case, to prevent the perversion of the trust estate from the charitable use of which it is devoted. When an estate is warrantably brought into a court of equity for its action, that court takes cognizance of the use to be conserved, and will send its process to protect the proper use. Equity favors charities, and possesses inherent jurisdiction to deal therewith.—*Williams v. Pearson,* 38 Ala. 299; *Brundage v. Deardorf,* (C. C.) 55 Fed. 839; Id., 92 Fed. 214, 34 C. C. A. 304; *Fulbright's Case,* (Mo.) 34 S. W. 875; *Prickett's Case,* (Mo.) 24 S. W. 52; *Iglehart v. Rowe,* (Ky.) 47 S. W. 575; 1 High on Inj. § 305.

The bill here, presenting the complaint of the corporation and its trustees, rests its right to injunctive relief upon the action of strangers; three of the respondents having renounced their membership in the church about two years before the bill was filed, and the other two being nonresidents of this state, temporarily within it. This action is averred to be that of forcibly entering the church edifice. changing the locks thereon, and the threatened disturbance of and interference with the

rights of these trustees in their management, control and possession of the church property, and of the peaceable and orderly worship of God in the church building. The motion and demurrers go to the points, namely, that complainants have an adequate and complete remedy at law, and that the bill invokes the interposition of a civil court in an ecclesiastical controversy. The latter contention is not well taken, for the reason that the wrong asserted and the remedy sought relate to the property of the church, and to the use vel non of the property for the charitable purpose evident. It is well settled that equity will restrain a threatened trespass, if the probable injury resulting from the wrongful act, if committed, cannot be atoned for in damages in a court of law. The remedy at law is inadequate, and the injury irreparable, whenever the injury is of a peculiar nature, so that compensation cannot be had.—*Deegan v. Neville,* 127 Ala. 471, 29 South. 173.

We are of the opinion that this bill has equity. Church edifices are a different class of property from that usually sought to be protected against trespassers. There are two distinguishing characteristics: The use to which the church building is devoted; and the want of commercial purpose in the possession thereof by the church. The church building is acquired and maintained for the worship of God. It is obvious that a trespass against such property—a trespass the result of which is to interfere with and disturb, if not defeat, such worship in the church building—involves the use, resting upon the property right, and, if committed, would work irreparable injury; the reason being that a violation of the right and privilege to peaceably worship in the place therefor is wholly incapable of compensation in damages. There is no standard for, or, method of, ascertainment of such damages, and yet the member, corporation, and trustee have a right to the benefit of the use arising from the possession of such trust estate, and, in the protection of that right against strangers, the powers of a court of equity may be invoked. Besides, the undisturbed control, management, and possession of the property itself must be protected against invasion by strangers, since, without the power of con-

trol and management, the use would be vain—the great purpose jeopardized.

It results, from these conclusions, that the motion to dismiss and the demurrers should have been overruled. A decree is here entered, reversing the action of the lower court, overruling the motion to dismiss and demurrers as well.

Reversed and rendered.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.