(82 South. 435)

MANNING et al. v. YEAGER et al.
(6 Div. 895.)

(Supreme Court of Alabama. June 5, 1919.)

1. RELIGIOUS SOCIETIES ⟐⟐12(4)—MAJORITY RULE.

A Baptist church is within itself a pure democracy; the action of a majority of the church being final.

2. RELIGIOUS SOCIETIES ⟐⟐12(5)—EXCLUSION OF MEMBERS—INTERFERENCE BY COURT—MAJORITY RULE.

Where members of church are excluded therefrom by action of a majority of the church, court will not interfere, where the action of the majority is final under the rules of the church.

3. RELIGIOUS SOCIETIES ⟐⟐24 — DIVERSION OF CHURCH PROPERTY—INTERFERENCE BY COURT.

A court in the exercise of its equity jurisdiction will interfere to prevent the diversion of church property from the use to which it has been devoted.

4. RELIGIOUS SOCIETIES ⟐⟐25 — BAPTIST CHURCH— DIVERSION OF PROPERTY — EVIDENCE.

Proof that a Missionary Baptist Church withdrew from association with Cullman Baptist Association, and the Alabama Baptist State Convention, and, acting in concert with three or four Baptist churches in Cullman county, formed another association, and that pastor thereof was opposed to foreign missionaries and educated ministry, and indulged in ribald, coarse, and scurrilous language with reference to the Foreign Mission Board and Howard College, held insufficient to show diversion of church property to a use inconsistent with the Missionary Baptist Church faith.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by J. F. Manning and others against T. C. Yeager and others. Decree of dismissal, and complainants appeal. Affirmed.

A. A. Griffith and F. E. St. John, both of Cullman, for appellants.

Tennis Tidwell, of Albany, and William E. James, of Cullman, for appellees.

SAYRE, J. This litigation arose out of factious differences between the members of Concord Missionary Baptist Church in Cullman county. The purpose and prayer of the bill are stated in Manning v. Yeager, 79 South. 19,[1] where it was held that complainants' (appellants') bill had equity. In view of the evidence which has been taken the case may now be summarized as follows: Complainants ask to be placed in possession and control of the church property on two grounds: (1) That defendants have wrongfully excluded them, and (2) that defendants by their departure from the faith and practice of the true Missionary Baptist church have forfeited all right to the possession and control of the church property, even though they constitute a majority of the congregation.

[1, 2] 1. We find from the evidence noted in the record that before, at, and after the division in the church, defendants constituted a majority of the membership. This court has had occasion in several cases to state, as from the temporal viewpoint, the nature of the constitution and government of Baptist churches. We may repeat to this extent: Each Baptist church is within itself a pure democracy; it is the right of the majority to rule; the will of the majority having been expressed, it becomes the minority to submit; church action is final. Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 South. 947, 139 Am. St. Rep. 41; Barton v. Fitzpatrick, 187 Ala. 273, 65 South. 390; Manning v. Yeager, supra; Tucker v. Denson, 80 South. 373;[2] Pendleton's Church Manual, 102, 103. It results from this principle and the finding of fact noted above that complainants can have no relief on the ground that a majority of the church has wrongfully excluded them, or some of them, from the church and from the possession and control of its property.

[3, 4] 2. But the court, in the exercise of its equity jurisdiction, will intervene to prevent the diversion of church property from the use to which it has been devoted. Morgan v. Gabard, 176 Ala. 568, 58 South. 902. The church property in this case is held under a conveyance "to the said Missionary Baptist Church, its administrators and assigns." The proof is that Concord Church has withdrawn from association with Cullman Baptist Association and the Alabama Baptist State Convention. That was its right according to Baptist law and practice. Concord Church, acting in concert with three or four other Baptist churches in Cullman county, all under the domination apparently of the same pastor, has formed what is known as Land Mark Association; but, unless Land

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 599.  [2] 202 Ala. 308.

Mark churches hold to a faith essentially different from that of the Missionary Baptist Church, this also was within its right. We are not advised by the proof or otherwise that the faith of Land Mark churches is heretical or vitally different from that of Missionary Baptist churches. Complaint is made that the pastor at Concord, who takes the part of defendants and through them dominates the church, holds to and preaches heretical doctrines, in that he is opposed to foreign missions and an educated ministry. The pastor's theory of the facts is that he believes in missions, but not in the practice of the church mission board, that he believes in an educated ministry, but that the church should not educate its ministry. But, assuming the facts as to these things to be as complainants charge, we are unable to hold that thereby the pastor and his majority congregation have put themselves without the Baptist pale or that by using the church property in the service of these beliefs they have diverted it to a use fundamentally different from that contemplated in its acquisition. With such differences of doctrine and practice we can have nothing to do. It appears to be well established that the pastor chosen by the majority at Concord has on divers occasions indulged in ribald, coarse, and scurrilous language with reference to the Foreign Mission Board and Howard College. But this involves no question of the diversion of property; it is rather a question of taste and decency to be judged of by the church. From it there is, as to such matters, no appeal.

Our judgment is that the trial court committed no error in dismissing complainants' bill.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.