GUIN et al. v. JOHNSON et al.
6 Div. 753.

Supreme Court of Alabama.
May 30, 1935.

Wilson Kelley, of Vernon, and W. L. Sims, of Columbus, Miss., for appellants.

R. G. Redden, of Vernon, for appellees.

BOULDIN, Justice.

This cause grew out of division in Unity Grove Church, a Freewill Baptist Church, in Lamar county.

The bill involves the possession and use of the church building and grounds, as between contending factions.

Complainants seek to enjoin respondents from the continued use and enjoyment of same, and their interference with complainants' use of same for religious services.

The bill proceeds on two theories:

First, it is alleged that the minority group or faction of the church, congregational in type, has usurped control of the property, undertaken to exclude complainants from the church, and denied their right to hold services, etc.

This feature of the bill is not sustained by the proof.

The trouble began, it appears, by agitation among denominational ministers and other leaders for the organization of a new association of Freewill Baptist Churches.

To this end a committee was raised to prepare a constitution for the proposed association, also a church covenant, article of faith, etc., to be submitted to and acted upon by the churches.

It appears the matter was acted upon by the Unity Grove Church in conference, after full discussion, resulting in a vote of some 5 to 1 in favor of going into the proposed association.

True, it appears that a majority of the members of the church were not present at this conference. A few, it appears, withdrew from the church pending this agitation; others intentionally absented themselves, or did not care to participate and take sides. But under the weight, if not the entire evidence, the action of this conference was the action of the church, through the regular course by which church action is expressed in the self-contained church.

Thereafter, the complainants, declining to affiliate with the church in its new relations

and practices, were excluded by action of the church in conference.

■ Membership in a church, involving the fundamentals of religious freedom and separation of church and state, is wholly outside the jurisdiction of civil courts. Hundley v. Collins et al., 131 Ala. 234, 32 So. 575, 90 Am. St. Rep. 33.

This is not to say courts cannot inquire into who constitutes the church body entitled to hold the church property, when an issue is presented touching a diversion of such property, even by a majority, from the purposes of the trust. If such case is made out, the minority cannot be deprived of their beneficial interest through exclusion.

■ The power and duty of the state to protect religious bodies in their property rights are beyond question. These temporal facilities are in aid of, if not essential, to the full enjoyment of religious freedom—to congregate and worship, teach, preach, and generally promote the spiritual ends for which churches exist.

■ This puts upon the courts the determination of the very delicate question as to which of two contending groups is entitled to the possession and control of the church property. Unless there is shown a clear diversion of the property from the religious uses to which it was dedicated, the majority must rule in a democratic religious body. Harris et al. v. Cosby et al., 173 Ala. 81, 94, 55 So. 231; Morgan et al. v. Gabard et al., 176 Ala. 568, 58 So. 902; Gewin et al. v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Christian Church of Huntsville et al. v. Sommer et al., 149 Ala. 145, 43 So. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 24; Barton et al. v. Fitzpatrick et al., 187 Ala. 273, 65 So. 390; Stewart et al. v. White et al., 128 Ala. 202, 30 So. 526, 55 L. R. A. 211; Manning et al. v. Yeager et al., 201 Ala. 599, 79 So. 19; Id., 203 Ala. 185, 82 So. 435; Blount et al. v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; 54 C. J. 71.

We have held that where the deed, under which the property is held, by express terms, dedicates the property to the propagation of some specific form of religious doctrine, a court of equity, as in other cases of special trusts, will see that the property is not diverted from such use. Harris et al. v. Cosby et al., supra.

The deeds in the instant case were to the "Trustees of Unity Grove Church and their successors." The trustees are named in one deed, not in the other. They are charged with no specific duties, are merely repositories of the legal title, the beneficial use and enjoyment being in the church body, the congregation, then and now known as Unity Grove Church.

It is stated rather broadly in Harris et al. v. Cosby et al., supra, that in such case, if the local church is independent, subject to no higher church authority, the majority of the members have the right to control the property. This is to be taken subject to the limitations above expressed.

Unity Grove Church was, at the time the deeds were executed, a Freewill Baptist Church, affiliated with Mount Moriah Association, an old Freewill Baptist Association.

The bill questions the authority of Unity Grove Church, under church law, to withdraw from that association, and enter into the new association, known as the Progressive Freewill Baptist Association, without the consent of Mount Moriah Association.

It is claimed a Freewill Baptist Church, unlike some Baptist bodies, is a limited democracy, having full control of local affairs, but subject to the association in matters of doctrine; that, therefore, new articles of faith substantially different from those of Mount Moriah Association are outside the power of the local church.

By the great weight of the evidence the association comes into being, as the voluntary act of the churches, and continues to exist at their will. The association has articles of faith, but they are such as the constituent churches adopt.

It appears provision is made for an orderly withdrawal of a church from the association by letter. But it seems beyond question that it is the right of any church to withdraw or drop its affiliation with an association at will, and unite with another, or join in forming another.

Evidence of such practice is clear.

The final ground on which a diversion of the property is alleged, is a departure from doctrines and customs of Unity Grove Church as expressed in written articles of faith.

The articles of faith of Mount Moriah Association of Freewill Baptists, to which this church adhered at the time the deeds were executed, and the articles of faith of the Progressive Freewill Baptist Association, approved by the church on entering such association, appear in the record.

The departure most insisted upon is the addition of article 15, which did not appear in the old articles of faith. This article

812

reads; "15. We believe as touching Gospel ordinances in believers baptism laying on of the hands receiving of the sacrament in bread and wine washing the Saints feet anointing the sick with oil in the name of the Lord, fasting, prayer, singing praise to God and the public ministry of the Word with every institution for the Lord we shall find in the New Testament. Mark 16: 15, 16; Acts 8: 17; Acts 19: 6; Luke 22: 19, 20; John 13: 5, 17; Jas. 5: 14."

A footnote was added, saying: "Concerning washing of feet as a Gospel ordinance each member shall have the right to wash feet or not as he can best answer his own conscience to God."

It appears in evidence that since entering the new association, the foot-washing ordinance or ceremony has been introduced into the church to be participated in by members who wish. This is the only new practice shown in the evidence.

Manifestly, this difference in doctrine, based on interpretation of certain New Testament scriptures, is a matter of religious belief, wholly outside the jurisdiction of civil courts. Courts cannot interpret the scriptures. Religious beliefs are of the essence of religious freedom. Unless they lead to practices which the state must deal with in the protection of persons and property, or concern the integrity of the state itself, they must be respected by the courts.

Dealing with this matter as an alleged diversion of the property from the uses to which it was dedicated, certainly we cannot say a church, independent and sovereign, cannot modify its articles of faith in any respect. To what extent this may be done without a diversion of property dedicated to the local church in general terms, we would not undertake to here define. It would seem to turn much on the particular church and circumstances. All presumptions should be indulged in favor of the action of the majority in a democratic church.

The evidence here takes a wide range. Ministers and church leaders testify to the practices of Freewill Baptist Churches from 1812 to the present, introducing the articles of faith of several associations.

Without detailed discussion, we are of opinion that article 15, or other matter incorporated in the new articles of faith, and the church ceremonies there recognized, are not shown to be such radical departures from the faith and customs of Freewill Baptist

Churches, past and present, as to constitute a diversion of the property in question from the religious uses to which it was dedicated. Manning et al. v. Yeager et al., 203 Ala. 185, 82 So. 435; Harris et al. v. Cosby et al., 173 Ala. 81, 94, 55 So. 231.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.