198 So. 135

## ASHWORTH v. BROWN et al.
### 2 Div. 162.

Supreme Court of Alabama.
Oct. 10, 1940.

W. R. Withers, of Greensboro, for appellees.

S. W. H. Williams, of Greensboro, and Reuben H. Wright and Ward W. McFarland, both of Tuscaloosa, for appellant.

BOULDIN, Justice.

Religious freedom is fundamental in this country. This is known of all men. It need merely to be announced when this right is invaded. Incident to this is the right of assembly for religious worship; to form religious societies with discipline and doctrines expressive of their religious convictions; to conduct religious services,

and generally to promote religious influences and enterprises among men.

To this end a spot of ground may be acquired, a building may be erected, both dedicated to religious uses. The right to their uninterrupted and continuous use as a place of worship, for preaching, teaching, and other religious activities, is an element of religious freedom. In protecting such properties from trespassers, outsiders who enter upon, dismantle, or otherwise deprive those entitled to worship there of the continuous use of such properties, the courts are safeguarding the right of religious freedom.

We write this to give emphasis to the fact that in such case there is something more than a mere trespass on private property; and that injunctive relief does not depend solely on continuous or recurrent trespasses destructive of private property rights as recognized in our decisions. No money standards can measure or redress such wrongs. The continuous and uninterrupted use of church property for the purpose to which it is dedicated is the right to be protected. An injunction putting a stop to such interference is a more adequate and complete remedy, to say nothing of removal of clouds on title, &c. Gewin et al. v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am. St.Rep. 41; Christian Church of Huntsville et al. v. Sommer et al., 149 Ala. 145, 43 So. 8, 8 L.R.A.,N.S., 1031, 123 Am. St.Rep. 27; Guin et al. v. Johnson et al., 230 Ala. 427, 161 So. 810; Manning et al. v. Yeager et al., 203 Ala. 185, 82 So. 435.

The bill, in this cause, alleges that complainants are members of and constitute a majority of the trustees of St. Paul Colored Methodist Episcopal Church, Greensboro, Alabama; that the church lot described in the bill and the church building thereon are the property of the local congregation, and was being regularly used as a place of worship at the time of the matters complained of.

The alleged canons of the church relating to the sale of church properties are set out. From these it appears that local church property is held by a board of trustees.

"The Trustees, with the consent of the Preacher in charge and the Quarterly Conference, shall have the power to sell any Church or parsonage property which has gone out of use or should be removed to another place, the proceeds of which shall be under the direction of the Quarterly Conference. * * * provided, that in no case shall any such trustees sell or mortgage any church property unless they are authorized by the Quarterly Conference, the Presiding Elder being present in person."

It is alleged that defendant first acquired a deed purporting to convey the church lot, executed by persons not trustees or members of this church; that this deed gave a limited time for removal of the church building, and thereafter defendant obtained another deed from same parties purporting to convey the church building; that such deeds were not executed by actual or acting trustees of the church, that the approval of the sale by the quarterly conference was never obtained; that such deeds are null and void, were put on record, and are clouds upon title; that defendant has entered upon the premises, tortiously removed the benches, torn down the pulpit and some inside walls, and torn up some flooring, greatly damaging the building; that for more than forty years this church has been used as a place of worship, and was being so regularly used at the time respondent acquired his alleged deed; that defendant is interfering with the possession and use of said church; and has by his acts deprived complainants and the membership of the use of their church. These averments clearly disclose a case for equitable relief by injunction to prevent further interference with the use and enjoyment of the property for church purposes; and incidentally, have an accounting for the injuries done to the property.

Under the averments of the bill, the suit was properly brought in the name of the trustees and members of the church. The member has a personal right in his place of worship. A suit for the protection of this right, by injunctive relief against diversion to other uses by a stranger, may be brought, as this court has held, by church officials, or church members, or both. Morgan et al. v. Gabard et al., 176 Ala. 568, 58 So. 902; Manning et al. v. Yeager et al., 201 Ala. 599, 79 So. 19; Dunn et al. v. Ellisor, 225 Ala. 15, 141 So. 700, 706; 54 C.J. p. 79, § 175.

There was no error in the decree overruling demurrers to the bill.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.