53 So.2d 544

### DAVIS et al. v. ROSS et al.
#### 4 Div. 607.

Supreme Court of Alabama.

May 17, 1951.

Rehearing Granted June 28, 1951.

Douglas Brown and Val L. McGee, Ozark, E. O. Baldwin, Andalusia, and Crews Johnston, Clayton, for appellants.

W. R. Martin and Chas. O. Stokes, Ozark, for appellees.

SIMPSON, Justice.

This appeal is from an interlocutory decretal order overruling a motion to dissolve a temporary injunction restraining two of the appellants from conducting services in, or going upon, the church building of Haven Chapel A. M. E. Church of America.

As finally amended the bill was filed by M. Ross and some twenty-five other individuals, as members and trustees of Haven Chapel A. M. E. Church of America, a voluntary unincorporated religious society. The defendants are A. A. Davis, David Hamilton and three other individuals. Davis is a presiding elder and Hamilton a preacher in the African Methodist Episcopal Church Conference, alleged to be nonmembers of Haven Chapel A. M. E. Church, and nonresidents of the county in which the suit is brought and the church and its property are located. The other three defendants are members of the Haven Chapel Church.

Some years previous to the events giving rise to this litigation, the Haven Chapel congregation withdrew from a church under the jurisdiction of and connected with African Methodist Episcopal Church Conference, acquired a tract of land and erected a church building and began and continued to function as an independent congregational church, without affiliation with any higher judicatory. Subsequently a schism or division arose in the society with respect to the then pastor of the church, one Burkett. The pastor was deposed, but the difference persisted between factions of the membership. Finally a meeting of the society was called by the complainant trustees to be held in the church to consider, among other things, possible affiliation with

another, perhaps local, union. Due to activity on the part of Burkett and his wife prior to the meeting, the meeting was attended by a large number of persons, members and nonmembers, including the Burketts, Davis and Hamilton. All of these, it is alleged, had conspired together to accomplish the affiliation of Haven Chapel Church with African Methodist Episcopal Church Conference, to make it a subordinate body under jurisdiction and control of said Conference, its pastors to be selected by the Conference rather than by choice of the society, and to effect the transfer of Haven Chapel Church property to said Conference. In carrying out such purpose the pro-affiliating faction, members and nonmembers, dominated the meeting and obtained a vote in agreement with their purposes. By the unlawful and unauthorized manner in which the meeting was conducted, it is alleged, the will and wish of the loyal and faithful majority of the society was overriden and denied. Thereafter, the pro-affiliate faction proceeded to elect new trustees and other officers of the church and to take over by force and unlawfully the church property, excluding the complainants from the use of the property they had themselves, with other members, acquired and had used for religious purposes. Davis and Hamilton, it appears, took possession of the church property by breaking locks which had been placed thereon by complainant trustees.

The bill sought a temporary injunction restraining Davis and Hamilton, individually, or any agent, servant, employee or appointee of African Methodist Episcopal Church Conference from conducting services in said church building belonging to Haven Chapel A. M. E. Church of America, or using the same for any purpose whatever, or from going upon or trespassing on said property in any manner whatsoever. The bill contained a prayer for this and other relief on final hearing of the cause. The temporary injunction was granted as prayed. Defendants filed answer denying the allegations of the bill and moved to dissolve the temporary injunction. The matter was set down for hearing on the bill, the answer and affidavits submitted by the respective parties. As stated, the motion to dissolve was overruled.

■ Of course, the meritorious question presented for our decision on this appeal is the propriety of the order overruling the motion to dissolve. Appellants contend that the bill is without equity and also that the allegations of the bill are refuted by the answer and affidavits, but we have concluded the bill has equity as one to protect and preserve the property rights of the society and its members against the alleged unlawful intrusion on the part of nonmembers to the exclusion of those rightfully entitled to its use and enjoyment. Manning v. Yeager, 201 Ala. 599, 79 So. 19; Ashworth v. Brown, 240 Ala. 164, 198 So. 135; Christian Church of Hunstville v. Sommer, 149 Ala. 145, 43 So. 8, 8 L.R.A.,N.S., 1031; Guin v. Johnson, 230 Ala. 427, 161 So. 810; 28 Am.Jur. 314, § 123.

■ On considering the question of dissolution of a temporary injunction on denials of answer and supporting affidavits, much must be left to the sound discretion of the trial court in weighing the relative degrees of injury or benefit to the respective parties resulting from maintenance of the injunction or its dissolution. Lindsey v. Viking Refrigerators, 241 Ala. 425, 3 So.2d 65; Dudley v. Whatley, 244 Ala. 508, 14 So.2d 141, 147 A.L.R. 508; Hunter v. Parkman, 250 Ala. 312, 34 So.2d 221; McLean v. Church of God, 254 Ala. 134, 47 So.2d 257. And on the basis of this principle, we have decided it is probably best to let the injunction stand as ordered by the trial court. The only persons affected by this injunction are all outsiders— the two appellants, Davis and Hamilton, alleged to be nonmembers of the local society, and such agents, servants or appointees of African Methodist Episcopal Church Conference as might attempt to intrude upon the property of the society. Neither the three appellants other than Davis and Hamilton, nor any other member of Haven Chapel Church is included in the restraining order. No member of Haven Chapel

Church, of whatever faction, is deprived of his or her right to worship within the church. Hence, we are not persuaded that any irreparable injury might be expected to result from maintenance of the injunction in effect until a final disposition of the cause.

Since we have reached the conclusion that the bill had equity on the theory above stated, we deem it unnecessary to consider a second or related theory, which is that an effort on the part of a faction of the membership of Haven Chapel Church to affiliate and connect that church or society with the African Methodist Episcopal Church Conference and to transfer its church property to said Conference would constitute such a departure from established doctrine, usage, etc., of the society as to warrant equitable interference. As to this, we call attention to the well-settled doctrine that to sustain such a theory a radical departure must be clearly shown and, further, that the courts will not interfere with mere factional differences arising in ecclesiastical bodies, or in disparate interpretations of doctrine. Such matters are left for settlement to the societies, Mount Olive Primitive Baptist Church v. Patrick, 252 Ala. 672, 42 So.2d 617; Mitchell v. Church of Christ, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71; though application of this principle to the case in hand is, of course, not now made, it being deemed proper to require fuller development of the matter on final hearing of the cause.

On original consideration of this appeal, due to a misapprehension we concluded to a reversal of the decree below. Upon a reconsideration on rehearing, we have withdrawn our former opinion, granted the rehearing, set aside the judgment of reversal, and affirmed the decree denying the motion to dissolve the temporary injunction.

Rehearing granted; judgment of reversal set aside, and affirmed.

All the Justices concur except LAWSON, J., not sitting.