# Morgan, *et al. v.* Gabard, *et al.*

*Bill to Declare and Adjudicate the Binding Effect of the Union Between the Presbyterian and the Cumberland Presbyterian Churches.*

(Decided June 11, 1912.   58 South. 902.)

1. *Religious Societies; Diversion of Trust Fund; Relief.*—A bill by a church session of a Presbyterian church which alleges that the session were members of the Cumberland Presbyterian Church prior to the union with the Presbyterian Church of the United States; that respondents were members of the Cumberland Presbyterian Church before such union; that they do not recognize the validity of the union, and that complainants are entitled to the custody and control of the church building, but that respondents deny such rights, and claim that they constitute the church of the sessions of the Cumberland Presbyterian Church, and are entitled to control the property conveyed to the church when belonging to the Cumberland denomination, and praying for a decree adjudging the validity of the union and the rights of complainant to use the property, states a cause of action in equity to prevent the diversion of trust property for which the remedy at law is inadequate.

2. *Same.*—Equity may be invoked by the members of the church or by the officers of the church, or both, to prevent the diversion of

[Morgan, et al. v. Gabard, et al.]

church property, and the fact that the legal title does not reside in the officers will not prevent equity from preventing a diversion at the suit of the officers.

3. *Same; Union of Denominations; Validity.*—The union of the Cumberland Presbyterian Church with the Presbyterian Church of the United States is legal, and merges the former into the latter, and members of a church which formerly belonged to the Cumberland denomination cannot refuse to recognize the validity of the union, and control the property to the exclusion of members who recognize the union.

APPEAL from Madison Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by M. E. Gabard and others, against L. B. Morgan, and others, to declare and adjudicate the binding effect of the union between the Presbyterian Church of the United States, and the Cumberland Presbyterian Church, and to fix and declare the rights of these complainants in and to the use of the church property. From a decree for complainants, respondents appeal. Affirmed.

COOPER & COOPER, for appellant. The parties who filed the bill had not title to the property as it vested in the corporation or its trustees, and any right of action rested with the corporation or the board of trustees. The case of *Harris v. Cosby,* 55 South. 231 presents questions not now presented, and hence, that case is not decisive. The purpose and clear import of the relief here sought is to take the property out of the possession of the appellant, and put into the possession of appellees, and an injunction has no such province.— *Yellow Pine Export Co. v. Sutheland Co.,* 141 Ala. 664. The appellees should take their action at law to recover possession of the disputed property before seeking injunctive relief.—*Hamilton v. Brent Lumber Co.,* 127 Ala. 78; *Kellar v. Bullington,* 101 Ala. 267. Equity will not enjoin an apprehended trespass.—*Bolling v. Crook,* 104 Ala. 130. The remedy is by quo warranto if a

remedy exists.—41 N. W. 84; 15 Atl. 777; 55 Fed. 839; 92 Fed. 214.

S. S. PLEASANTS, and DAVID A. GRAYSON, for appellee. The binding effect, and the legality of the union was finally and fully settled in *Harris v. Cosby*, 55 South. 231. The bill contains equity as one to prevent the diversion of property from the purposes of a lawful trust.—*Harris v. Cosby, supra;* 13 Wall. 679; 55 Fed. 839; 92 Fed. 214; 5 Pom. Eq. secs. 314-15. Where property is vested in a religious society incorporated or unincorporated, a bill will lie to prevent interference with the use to which it is dedicated.—5 Am. Rep. 415; 8 Am. Rep. 275; 16 Am. Rep. 82; 29 L. R. A. 476. The church being a voluntary association, equity has jurisdiction over its property independently of the English statute of charitable uses.—*Gewin v. Mount Pilgrem Church,* 166 Ala. 345; *Christian Church v. Sommer,* 149 Ala. 145; *Burke v. Roper,* 79 Ala. 138. The question of adequacy of legal remedy cannot arise in a case of this character, much less be the criterion by which to determine whether an injunction can be granted.— 4 Pom. Eq. sec. 1339.

McCLELLAN, J.—This bill is filed by M. T. Gabard, G. T. Bennett, W. A. Given, J. C. Haislip, and W. A. Sanford. They are members of the Presbyterian Church in the United States of America, and of the local church of that faith at Gurley, Ala. Mr. Gabard is pastor thereof, and moderator of its church session, and Mr. Sanford is the clerk of the church session, and they, with the other complainants, constitute the church session of that church at Gurley. The complainants, with the exception of Mr. Gabard, were members of the Cumberland Presbyterian Church at Gurley before the

general reunion of that denomination with the Presbyterian Church of the United States. The respondents were all members of the Cumberland Presbyterian Church before the reunion to which we have referred. They do not recognize, or refuse to recognize, the validity of the union.

It is averred in the bill that the church session of the reunited denomination, which complainants constitute, has been duly established since the reunion, and that they, as the representatives, or representative body of the local church, are entitled to the custody and control of the church building and the property of the local church at Gurley. The church lot was originally conveyed by W. R. and S. A. Gurley, in 1885, to the "Cumberland Presbyterian Church, the Missionary Baptist Church, and the Methodist Episcopal Church, South." In 1891, the other churches mentioned conveyed their undivided one-third, respective, interests to W. A. Given, G. W. Beason, and J. C. Flint, trustees of the Cumberland Presbyterian Church, and their successors. It thus appears that the charitable use, the enjoyment of which was originally devoted to three religious bodies, became the right of the local Presbyterian Church; though in the conveyance by the Gurley's, in 1885, that church, at Gurley, was named, without the intervention of trustees, the grantees of an undivided one-third interest in the lot. It is averred in the bill that: "Since the said union between the Cumberland Presbyterian Church and the Presbyterian Church in the United States of America, the defendants herein refuse to recognize the validity of said union, and deny the right of the complainants of holding services as the representatives of the Presbyterian Church in the United States of America, and claim that they, said defendants, constitute the church session of the so-called

Cumberland Presbyterian Church, and threaten to deny the complainants any right to the use of said church building, and complainants attach hereto, marked 'Exhibit G,' and make a part hereof, as if here set out in full, a communication in writing addressed to them by said defendants."

The communication mentioned reads: "Gurley, Ala., July 3, 1911. Reverend M. T. Gabard, Messrs. W. A. Given, W. A. Sanford, J. C. Haislip, and G. T. Bennett, Gurley, Alabama—Gentlemen: Our attention has been directed to a publication in the 'Gurley Herald' of last week; and this session feels constrained to advise you, officially, that it does not recognize that the Cumberland Presbyterian Church has ever been dissolved, and to further inform you that we hold that it remains as it was originally created, and for the purpose of its organization as a church, having a definite faith and plan. It will be our pleasure to receive you into our church worship as individual citizens at any and all times, but to surrender the property of the Cumberland Presbyterian Church at Gurley, Alabama, to you or to any of you, upon any demand based upon any supposed right, is wholly inconsistent with our view of the duty we owe to the church which has been an honor to our whole country. In view of your demand, therefore, we must deny to you any supposed right of holding services as the representative of any church organization other than that of the Cumberland Presbyterian Church. Yours very truly L. B. Morgan, Mod. B. E. Graham. W. L. Giles. C. G. Bennett. J. D. Champion, Clerk."

It is also averred that complainants, "as members of said Presbyterian Church in the United States of America, since said union, are entitled to the use of said church property, as and for a place of worship, and to the custody and control of the same, and that

the said defendants are without the right to control the said church property or to interfere with the use of said church building, which they threaten to do, and which they will do, unless restrained by the order and injunction of this honorable court." It is also averred that the local Cumberland Presbyterian Church, at Gurley, was, before the reunion stated, a constituent part of the Robert Donnell Presbytery, and "said local church at Gurley, Ala., had duly elected a church session, the members of which elected delegates to the session or meeting of the Robert Donnell Presbytery, which Presbytery elected delegates or commisisoners to the General Assembly of the Cumberland Presbyterian Church which ratified and consummated said union or reunion with the said Presbyterian Church in the United States of America, although said delegates voted in the negative on said proposition."

The prayer of the bill seeks a decree declaring and adjudicating the binding effect of said union and fixing and declaring the rights of these complainants in and to the use of the church property described in the bill, and in and to the use of the house of worship situated on the lot in question, both as individual members of the Presbyterian Church in the United States and as individual members and pastor, respectively, of said local church at Gurley, Ala., and as officers of said local church composing the session thereof. The bill also seeks an injunction pendente lite to protect the unmolested use asserted and, upon final hearing, a permanent injunction enjoining and restraining the respondents and each of them, their servants, and all others representing them, from entering or trespassing in any way upon said property or church building. The bill concludes with general prayer for relief.

Since the deliverance by this court of its opinion in *Harris v. Cosby*, 173 Ala. 81, 55 South. 231, the question of right to the property and house of worship described in this bill—as between the Presbyterian Church in the United States of America and the formerly existing denomination known as the Cumberland Presbyterian Church—has been finally concluded in favor of the former. Hence the substantive right to the use of the property and the house of worship is not necessary to be considered.

The objections taken by the demurrer to the bill question the right of the complainants, who are not the repositories of the legal title to the premises, to maintain the bill; assert the existence of an adequate remedy at law for the possession of the property; the absence of averment of possession of the premises in such sort as to justify the relief sought by the bill; the absence of averment of sufficient facts of a *threatened* interference with the rights of complainants. The objections were adjudged against the demurrants.

There is no doubt that the general purpose and theory of the bill would invoke a well-recognized phase of equity jurisdiction, viz., to prevent the diversion of property from devotion to a lawful trust.—5 Pom. Eq. Jur. §§ 314, 315; *Harris v. Cosby*, 173 Ala. 81, 55 South. 231; *Watson v. Jones*, 13 Wall. 679, 20 L. Ed. 666; *Burke v. Roper*, 79 Ala. 138; *Carter v. Balfour*, 19 Ala. 814; *Christian Church v. Sommer et al.*, 149 Ala. 145, 43 South. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 27; *Gewin v. Mt. Pilgrim Church*, 166 Ala. 345, 51 South. 947, 139 Am. St. Rep. 41. To effect such preservative purpose, or to compel atonement for its invasion, the remedy at law is wholly inadequate.—*Christian Church v. Sommer, supra; Burke v. Roper, supra; Brundage v. Deardorf* (C. C.) 55 Fed. 839.

[Morgan, et al. v. Gabard, et al.]

This protective jurisdiction of equity may be invoked by members, or by representative officers of the church, or both, who would protect the trust property from diversion to another purpose.—*Christian Church v. Sommer et al., supra; Burke v. Roper, supra; Watson v. Jones, supra; Schnorr's Appeal,* 67 Pa. 138, 5 Am. Rep. 415; *Roshi's Appeal,* 69 Pa. 462, 8 Am. Rep. 275; *Hale v. Everett,* 53 N. H. 9, 16 Am. Rep. 82; *Krecker v. Shirey,* 163 Pa. 534, 30 Atl. 440, 29 L. R. A. 476; 14 Notes to Am. Rep. pp. 67, 68, 498, 499.

The fact that the legal title to the property does not, in such case reside in the complaining members or representive officers, cannot defeat or deny the power of equity to send its process to preserve the property from diversion from the *use* to which it is and must be devoted; for it is not within the power of any, even the repository of the legal title, to deflect the property to a perverting use.—*Schorr's Appeal, supra; Brundage v. Deardorf* (C. C.) 55 Fed. 839; *Watson v. Jones, supra.*

The condition shown by the averments of this bill, and particularly by the exhibit quoted before, is that of refusal by the respondents to recognize the fundamental change wrought, with respect to the use of this property, by the union of the Cumberland Presbyterian Church with the Presbyterian Church in the United States of America. That action having legally and finally effected the merging of the former into the latter church (*Harris v. Cosby, Supra*), the determination, as expressed, of the respondents to adhere to and to maintain the Cumberland Church and its authority and rights, over this property, as against the result of the absorption of the Cumberland's authority and rights by the other religious body, places the respondents in a position of asserting an affirmatively hostile right to that of the organization which is entitled to the undis-

[Morgan, et al. v. Gabard, et al.]

turbed possession and control of the subject of the contention. The use being consistent *alone* with the status established by the union of the bodies, this attitude of the respondents characterizes them as strangers in respect of the use to which the property must be devoted. —*Roshi's Appeal,* 69 Pa. 462, 8 Am. Rep. 275, 282, 283.

Asserting, as they in effect do, the authority and right formerly enjoyed by the absorbed organization, institutes an inquiry of peculiar appeal to equitable cognizance, viz., to which use shall the property be allowed; and, determining the answer to the inquiry, to enforce the proper use by means of injunctive process.—*Brundage v. Deardorf, Supra.* Should equity refrain from interposing, when invoked as here, to determine the rightful use, essential to the enjoyment of which is the possession and control of the trust property, the result would be, of course, that no adequate remedy to declare and determine and enforce the trust would or could exist; and the baneful effects of a disputed or contested right to undisturbed enjoyment of the use would lead, inevitably, to its practical impairment, if not to its destruction. Equity will allay such contention, with such results to attend, by declaring the right and enforcing its pronouncement by injunctive process.

The decree is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.