166 So. 418

**BOATWRIGHT et al. v. TOWN OF LEIGHTON et al.**

8 Div. 694.

Supreme Court of Alabama.
March 5, 1936.

608

W. L. Chenault, of Russellville, for appellants.

Kirk & Rather, of Tuscumbia, for appellees.

BROWN, Justice.

The town of Leighton, in June, 1927, adopted an ordinance dividing the territory within its corporate limits into two zones—a business-industrial zone and a residential zone—and prohibiting the erection of garages, gasoline filling stations, industrial plants, or business houses within the residential zone. It also adopted an ordinance prohibiting the erection of garages, gasoline filling stations, industrial plants, or business houses of any kind within the corporate limits "without the written permit of the town council signed by the mayor and clerk of said town."

The appellants made application for a permit "to erect and operate a service station and garage at the southwest intersection of Main street and Joe Wheeler highway in the town of Leighton on property owned by respondent Lula Mae Boatwright."

Protests were filed by a number of citizens with the town council against the granting of such permit, and on hearing of the objections and protests, according to the averments of the bill, the permit was denied by the town council. Notwithstanding the denial of the permit, the defendants made preparations to erect said garage and filling station, and thereupon the appellees filed the bill, seeking an injunction restraining them from so proceeding.

The case was set down for hearing, and was submitted on the application for temporary injunction on bill, answer, and affidavits, and the court granted a temporary injunction, and from that decree this appeal is prosecuted. Section 8307, Code 1923.

If the erection and operation of the service station and garage at the proposed location would constitute a nuisance, the town council had the authority to deny the permit. Gillette, Bldg. Inspector, v. Tyson et al., 219 Ala. 511, 122 So. 830.

The trial court was invested with a wide judicial discretion in passing on the application for the issuing of an injunction pendente lite, and had the right to consider and weigh the relative degree of injury or

benefit to the respective parties, and where such discretion is not abused, the order of the circuit court thereon will not be disturbed. Jones et al. v. Jefferson County et al., 203 Ala. 137, 82 So. 167; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516.

■ We are not of opinion that the court has abused the discretion in granting the writ, and the decree will be affirmed. So ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.