185 So. 172

### BAILEY et al. v. WASHINGTON et al.

#### 5 Div. 283.

Supreme Court of Alabama.

Dec. 1, 1938.

D. T. Ware, of Roanoke, and Chas. S. Moon, of Lafayette, for appellants.

H. T. Burns, of Wedowee, for appellees.

KNIGHT, Justice.

Bill in equity filed by complainants, appellants here, styling themselves Elders and Trustees of the Church of Christ at Haywood, in Randolph County, Alabama, against the appellees, praying injunctive relief against certain alleged trespasses committed by the respondents in taking possession of the church building, and excluding the complainants therefrom.

In the bill it is averred that the said Church of Christ "owns a church building and grounds upon which said church building is located and that the said Church of Christ is an organization of Christians and said premises is (are) used by said church for the worship of its members and said complainants are the custodians of said described property."

The equity of the bill is grounded upon the following averments, which we here quote:

"Complainants further state and aver that George Washington, Arthur Washington, Lula Washington and Dovie McRight, the respondents, have, without the consent and· over the protest of the complainants, taken possession of said Church and conduct services to their own pleasure in same and use same for any purpose that they see fit and complainants further aver and state that said respondents are not members of the Church of Christ and are trespassers upon the property of the Church of Christ of which your complainants are the duly elected and selected officials and complainants further state and aver that said respondents have locked the doors to said church, nailed down the windows and your complainants are precluded from the free use of their property and control of same.

"Your complainants further state and aver that they have no other remedy in which to obtain the free use of their prop-

676

erty for worship as desired, that a court of equity and an injunction to restrain respondents from interfering with the rights of ownership, control and custody of said property is necessary for complainants to obtain the free use, control and custody of said property."

The prayer of the bill is as follows: "The premises considered, complainants pray that a writ of injunction may be granted by this court restraining and enjoining the said George Washington, Arthur Washington, Lula Washington and Dovie McRight individually, or any agent or servant of said respondents collectively or separately, from conducting services in said church or the use of same for any purpose, or from going upon or trespassing upon said property, and complainants further pray that this Court will grant a temporary injunction restraining and enjoining said George Washington, Arthur Washington, Lula Washington and Dovie McRight from going upon or trespassing upon said property, or from conducting services in said church or using same for any purpose pending a final hearing in this cause and upon a final hearing of this cause complainants pray that said respondents as above named be forever enjoined and restrained from going upon said property, or conducting services of any nature or character upon same, or the use of said property for any purpose."

In their answer, the respondents denied the material allegations of the bill, and called "for strict proof thereof."

Upon final hearing, upon the pleadings and proof, the court dismissed the bill, reciting in its decree that the complainants had not made out such a case as entitled them to the relief sought. From this decree the complainants prosecute the present appeal.

It does not appear any where in the bill whether the church in question is an incorporated body, or merely a voluntary association of religious worshippers, nor is the church made a party to the proceedings. The bill also wholly fails to describe the property upon which the trespasses are alleged to have been committed, and against which relief is sought.

 The church, whether an incorporated body, or a voluntary association of persons, is a necessary party to any proceedings affecting its properties. If simply a voluntary association, it may nevertheless sue or be sued in its association name.

Code, §§ 5723, 5724; Sentell et al. v. Friendship Baptist Church, 214 Ala. 584, 108 So. 517. Likewise, the property upon which it is alleged the trespass was committed should have been described, otherwise a decree undertaking to grant relief could not be made operative.

 This Court is firmly committed to the proposition that, as regards the purely ecclesiastical or spiritual feature of the church, the civil courts are without jurisdiction to hear and determine any controversy pertaining thereto. Hundley v. Collins, 131 Ala. 234, 32 So. 575, 90 Am.St.Rep. 33; State ex rel. McNeill v. Bibb Street Church, 84 Ala. 23, 4 So. 40; Christian Church of Huntsville et al. v. Sommer, 149 Ala. 145, 43 So. 8, 8 L.R.A.,N.S., 1031, 123 Am.St.Rep. 27. But, on the other hand, the civil courts will exercise their jurisdiction to protect the temporalities of the church. This jurisdiction is exercised over the property of the church, in this state, independently of the English statute of charitable uses and of any prerogative power of the court, on the ground of the trust nature of the property, the charitable uses for which it is designed, and the inadequacy of legal remedies. Burke v. Roper, 79 Ala. 138; Williams v. Pearson, 38 Ala. 299; Carter v. Balfour's Adm'r, 19 Ala. 814; State ex rel. Carmichael, Attorney General, v. Bibb et al., 234 Ala. 46, 173 So. 74; Gewin v. Mt. Pilgrim Baptist Church, 166 Ala. 345, 51 So. 947, 139 Am.St.Rep. 41. While the civil courts cannot concern themselves with controversies pertaining wholly to the ecclesiastical or spiritual features of a church, yet the courts will, in proper cases, intervene to prevent the perversion of the trust property from the uses for which it was devoted, and to which it was dedicated. To prevent abuse and perversion of such property courts of equity have, and entertain, original and inherent jurisdiction. Christian Church of Huntsville et al. v. Sommer et al., supra.

In our recent case of Mitchell et al. v. Church of Christ at Mt. Olive, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71, this court held that the civil courts will not interfere in church matters unless property rights are affected, and to justify interference on the theory that the acts of a part of the membership, seeking to control the property, are a radical departure from, and a disavowal of, the established characteristic fundamental doctrines and practices of the society, it is not enough that a schism or di-

vision has developed among the members, on account of differences of opinion in the interpretation and application of the declared doctrines and practices of the society. That such matters must be settled by the society for itself in its own way. In that case, we further held that to justify interference it must be shown that the purpose of those in control of the property was to make a gratuitous transfer of the property of the society to another denomination, *or to disavow and depart from the characteristic, distinctive doctrines and practices of the society.*

 Had the bill in this case made the church a party, and had the property been described, we think a proper case for equitable interposition would have been presented, for it is well settled in this jurisdiction that equity will restrain a trespass or threatened trespass, if the probable injury resulting from the wrongful act cannot be compensated for in damages in a court of law.

In the case of Christian Church of Huntsville et al. v. Sommer et al., 149 Ala. 145, 43 So. 8, 8 L.R.A.,N.S., 1031, 123 Am. St.Rep. 27, it was observed [page 10]: "We are of the opinion that this bill has equity. Church edifices are a different class of property from that usually sought to be protected against trespassers. There are two distinguishing characteristics: The use to which the church building is devoted; and the want of commercial purpose in the possession thereof by the church. The church building is acquired and maintained for the worship of God. It is obvious that a trespass against such property—a trespass the natural result of which is to interfere with and disturb, if not defeat, such worship in the church building—involves the use, resting upon the property right, and, if committed, would work irreparable injury; the reason being that a violation of the right and privilege to peaceably worship in the place therefor is wholly incapable of compensation in damages. There is no standard for, or method of, ascertainment of such damages, and yet the member, corporator, and trustee have a right to the benefit of the use arising from the possession of such trust estate, and, in the protection of that right against strangers, the powers of a court of equity may be invoked. Besides, the undisturbed control, management, and possession of the property itself must be protected against invasion by strangers, since, without the power of control and management, the use would be vain—the great purpose jeopardized."

 But, assuming, as the learned chancellor evidently did, that the bill stated a case for equitable cognizance, a consideration of the evidence leads us to the same conclusion reached by the trial court, viz., that the complainants "have not made out such a case as entitles them to the relief they seek." The evidence, fairly considered, discloses only that a schism has intervened among the members of the church, dividing its membership into two factions; that the controversy has arisen out of "a mere difference of opinion as to the interpretation and application of the church creed," and fails to show a purpose on the part of the respondents to either depart from the characteristic doctrines and practices of the Church of Christ at Haywood, or to exclude the complainants from the church property, or to otherwise interfere with them in the use of the property. In short, the evidence wholly fails to support the averments of the bill upon which its equity is grounded.

It, therefore, follows that the trial court's decree, in dismissing the bill of complaint, was justified, on at least two grounds: First, the failure to make the church a party; and, second, because the evidence fails to sustain the averments of the bill upon which its equity is based.

We are, therefore, at the conclusion that the decree of the court below is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.