17 So.2d 533

**SKYLINE MISSIONARY BAPTIST CHURCH et al. v. DAVIS et al.**

**8 Div. 249.**

Supreme Court of Alabama.
April 13, 1944.

H. T. Foster, of Scottsboro, and A. E. Hawkins, of Fort Payne, for appellants.

456

Proctor & Snodgrass, of Scottsboro, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court discharging a temporary in-junction. § 757, Title 7, Code of 1940. The suit involves a factional fight within the membership of a Baptist Church for control of the church property.

The original bill was filed against Van Davis and others (appellees) in the name of the Skyline Missionary Baptist Church and in the name of a number of individuals (appellants) who are designated as trus-tees and as officers and members of the church. The allegations of the bill show that the Skyline Missionary Baptist Church is an unincorporated body, was organized as and still is one of the churches of the Tennessee River Missionary Baptist As-sociation, and is governed by the will of its members in good standing under the rules and regulations of the Tennessee River Missionary Baptist Association.

The allegations of the bill further show that the church property consists of the church house and the real estate on which it is located, legal title to which is in trus-tees; that the respondents, a minority in the church, were attempting to transfer the church from Membership in the Ten-nessee River Missionary Baptist Associa-tion to the Mount Carmel Association, which is not of the same faith and order, and were advancing strange and fancied doctrines, repudiating many of the cher-ished tenets of the true Missionary Bap-tist faith. The bill prayed for a temporary injunction restraining the respondents from conducting services in the church house or from using or going upon or trespassing upon the church property. The lower court issued the temporary in-junction.

The respondents (appellees) filed a mo-tion to require the attorneys appearing for the Skyline Missionary Baptist Church to show their authority for such appear-ance and their right to institute the ac-tion in the name of the church. A mo-tion was also filed by the respondents to dissolve or discharge the temporary in-junction. The case was heard by the court on these motions. In rendering its decree, the court found that the attorneys did not have the authority to use the name of the Skyline Missionary Baptist Church as a party complainant and, accordingly, that it was not a party to the cause. Hold-ing that the church was a necessary party, the court discharged the injunction.

Obviously, on this appeal we are only concerned with the action of the court in discharging the temporary injunc-

tion, based as it was on the court's ruling on the motions. It is not out of place, however, to say that this court has often upheld the equity of bills similar in principle to the present bill.

"As an exception to this general rule, it is established by the weight of authority that the majority of each independent or congregational society, however regular its actions or procedure may be, may not, as against a faithful minority, divert the property of the society to another denomination, or to the. support of doctrines radically and fundamentally opposed to the characteristic doctrines of the society, even though the property is subject to no express trust. This doctrine was recognized in Manning et al. v. Yeager et al., supra, [203 Ala. 185, 82 So. 435]. See, also, Kenesaw Free Baptist Church of Kenesaw v. Lattimer et al., 103 Neb. 755, 174 N.W. 296, 8 A.L.R. 98; Baptist City Mission Soc. of Denver v. People's Tabernacle Congregational Church of Denver, 64 Colo. 574, 174 P. 1118, 8 A.L.R. 102, and authorities cited in note page 113.

\* \* \* \* \*

"To justify interference it must be shown that the purpose of the majority or governing body is to make a gratuitous transfer of the property of the society to another denomination, or to disavow and depart from the characteristic, distinctive doctrines and practices, and devote the use of the property to doctrines radically opposed to the distinctive doctrines and practices of the society. Such purpose must appear either from an open avowal on the part of the majority, or from its acts and conduct manifesting such purpose beyond all reasonable doubt. \* \* \*" Mitchell et al. v. Church of Christ at Mount Olive, 221 Ala. 315, 317, 318, 128 So. 781, 783, 70 A.L.R. 71.

The respondents had the right to challenge the authority of attorneys to use the name of Skyline Missionary Baptist Church as one of the complainants. And the method of testing this authority by motion has been approved by this court. Mitchell et al. v. Church of Christ at Mount Olive, 219 Ala. 322, 122 So. 341; Id., 221 Ala. 315, 128 So. 781, 70 A.L.R. 71; § 48, Title 46, Code of 1940. The fact that the legal title to the church property was in trustees, would not change the situation. Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602.

The evidence on this issue was presented partly on oral testimony taken before the court and partly on depositions taken before the Register. It has been considered carefully and no good purpose will be served by setting it out in detail We concur with the lower court in its conclusion that authority to use the name of the church in bringing the suit was not conferred, although attorneys were under the impression that they could so proceed.

It is claimed by appellants that employment of attorneys was authorized at a special, unannounced meeting of the church held October 31, 1942, although the minutes of the meeting, which were introduced in evidence, fail to mention employment of attorneys or court action of any kind. It is conceded, however, by the appellants that no notice of this meeting was given to the faction of the church represented by the respondents. Without due notice to all the members of the church, action taken at the meeting would not be valid.

"This authority by the majority, present and voting at a meeting of their church, of which due notice had been given, etc., was necessary to subject the Sixteenth Street Baptist Church to the liability of suit for injunction." Blount v. 16th Street Baptist Church, 206 Ala. 423, 90 So. 602, 605.

See, also, Barton et al. v. Fitzpatrick et al., 187 Ala. 273, 65 So. 390.

There was an effort to show that the faction in the church represented by the respondents was out of harmony with the principles and tenets of the church which were accepted before the dispute arose.

"It is familiar law that where factional differences occur in an ecclesiastical body, the rule of the civil courts in dealing with the property rights disputed between the factions is to give effect to the will of that part of the organization acting in harmony with the ecclesiastical laws, usages, customs, and principles which were accepted among them before the dispute arose. Gewin v. Mt. Pilgrim [Baptist] Church, 166 Ala. [345], 349, 51 So. 947, 139 Am. St.Rep. 41, and cases there cited." Barton et al. v. Fitzpatrick et al., 187 Ala. 273, 277, 65 So. 390, 392.

We consider that the evidence, however, falls short of showing a departure

458

in belief and principle within the spirit and meaning of the principle stated above. Under decisions of this court, neither belief in "foot-washing" (Guin v. Johnson, 230 Ala. 427, 161 So. 810) nor opposition to "missions" (Manning v. Yeager, 203 Ala. 185, 82 So. 435) are sufficient to put the respondents beyond the pale of the Baptist Church.

Since the Skyline Missionary Baptist Church was not properly before the court, there was irregularity in granting the injunction. This is true because the church was a necessary party to the proceedings affecting the church property. "The church, whether an incorporated body, or a voluntary association of persons, is a necessary party to any proceedings affecting its properties." Bailey et al. v. Washington et al., 236 Ala. 674, 185 So. 172, 173. The court acted correctly in discharging the temporary injunction. Barnett v. State ex rel. Simpson, 235 Ala. 326, 179 So. 208; § 1052, Title 7, Code of 1940.

While the temporary injunction has been discharged, the suit is still pending. As stated, it is true that the church is a necessary party to the suit, but even though there is no authority to make it a party complainant, there is nothing to preclude it from being made a party respondent by appropriate amendment. The record does not show a request for such amendment. This suit can still be maintained by members of the church or officers, if they be officers.

"This protective jurisdiction of equity may be invoked by members, or by representative officers of the church, or both, who would protect the trust property from diversion to another purpose." Morgan et al. v. Gabard et al., 176 Ala. 568, 575, 58 So. 902, 904.

See also Bailey et al. v. Washington et al., supra; Barton et al. v. Fitzpatrick et al., supra.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.