20 So.2d 849

**ODOMS et al. v. WOODALL.**

**6 Div. 304.**

Supreme Court of Alabama.

Jan. 18, 1945.

Rehearing Denied March 1, 1945.

Phil Joiner, of Birmingham, for appellants.

428

J. B. Ivey, of Birmingham, for appellee.

FOSTER, Justice.

The purpose of this bill is to enjoin appellee, Woodall, from exercising control over the church property of a certain named unincorporated religious organization, one of the complainants, in which he claims the right to preach and otherwise perform the functions of a pastor, in defiance of the church governing body of said organization, consisting of the elders of the church, who are alleged to have control of and direct the preaching, teaching and worship on said church premises, subject to the general control of the general assembly of elders of another unincorporated organization, which is the superior governing body of the local church and others in the organization.

The bill alleges that both the local body of elders and the general assembly of the higher church organization withdrew fellowship from Woodall and forbade him "to further pastor, preach or assume leadership in said" local church. That said Woodall has been an elder and done some bit of preaching in the local church, in which other elders also preach. But that the governing body concluded that Woodall is physically incapable to further preach, and teach in the church, having become blind and old, and is making radical and improper statements from the pulpit. That Woodall refuses to accede to such action by the elders and general assembly, and continues to preach in the church, and hold possession of the church house, and has and holds the deed to the church property and its money and effects.

The bill seeks an injunction temporary and perpetual. It was set down for hearing on application for temporary injunction. At that hearing Woodall appeared in person and by counsel, having demurred to the bill, and also filed his own affidavit in opposition to the motion, together with an affidavit signed by eighteen members of the local church, but no answer was filed putting in issue the allegations of the bill.

On November 7, 1944, the court entered a decree reciting a submission on verified bill and affidavits, and on demurrer, and then reciting that it "is of the opinion that complainants have not made out a case as would justify a court of equity to grant injunctive relief," and therefore that a decree on the demurrer is not required, and decreed that the prayer for relief be denied and dismissed the bill. That of course was a final decree on the facts when no issue had been made by any pleading on the facts, and the case had not been submitted for final decree on the pleadings and proof, but only on motion for temporary injunction and on demurrer. Therefore as a final decree denying relief and dismissing the cause, the decree must be

reversed. This can only be done on a submission for final decree on pleadings and proof,—Rule 57, Chancery Practice, Code 1940, Tit. 7 Appendix (see Hughes v. Stephens, 219 Ala. 134, 121 So. 397[4]),—or for want of prosecution.

■ We cannot consider the demurrer because the trial court has not acted on it and no assignment of error relates to it. The only further matter for consideration on this appeal is the refusal to grant a temporary injunction.

On that question, we observe that the affidavit of Woodall denies the existence of a general assembly as defined in the bill, and the authority of such supreme governing body. Alleges that the local church "formulates its own plan of operation and control by and through its pastor and membership"; that the "pastor by and with the sanction of a majority of the membership promulgates rules of procedure and control," and that the action taken against Woodall is in violation of the polity of the church. There were eighteen members who signed an affidavit supporting Woodall. The proof shows a membership of fifty-four. See affidavit of Nelse Odoms, page 35 of the record. The other thirty-six are alleged to be not opposing the authority of the elders. The eighteen did not act in congregation or at a meeting at the church.

Complainants' proof further is that Woodall was never a pastor of the church, but was an elder and did more preaching in it than any other elder; that other elders preached in it also.

■ So that the controversy seems to narrow to one of whether the officers of the church have the control of the use of the church house and can direct its preaching and teaching, especially when approved by a majority of its members, or whether Woodall claiming to be its pastor can control the use of the property with the approval of a minority not acting as a church congregation.

That should be determined on an issue made by the pleadings and the testimony of witnesses given in the usual way in equity, not by affidavits merely without the right of cross-examination. Such affidavits are admissible on hearing the motion for temporary injunction. Section 1061, Title 7, Code.

If the complainants can sustain by due proof taken according to equity rules the matter set forth in the sworn bill and affidavits, relief would be due them in respect to the right to hold and use the property of the church.

■ If no property rights are involved, there is no jurisdiction of the court to interfere. 45 Amer.Jur. 755, section 45; Caples v. Nazareth Church, 245 Ala. 656, 18 So.2d 383. The church here in question does not seem to have great similarity to any of the well-known protestant denominations. But its founder, a colored man called Bishop Williams, is alleged to have made the rules relating to the organization and management of all churches established pursuant to his declarations. The civil courts will not interfere in its internal affairs, except to protect property rights. In a democratic church as a rule the majority controls, Guin v. Johnson, 230 Ala. 427, 161 So. 810, except that a majority may not devote the property to uses radically opposed to its distinctive doctrines and practices. Mitchell v. Church of Christ, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71; Caples v. Nazareth Church, supra; Skyline Missionary Baptist Church v. Davis, 245 Ala. 455, 17 So.2d 533.

■ But when, by the polity and discipline of the church, it is not democratic in the form of its administrative processes, but they are delegated to a tribunal set up for that purpose, the decision of that tribunal proceeding in good faith is binding on the civil courts in respect to matters over which it has jurisdiction. Ramsey v. Hicks, 174 Ind. 428, 91 N.E. 344, 92 N.E. 164, 30 L.R.A.,N.S., 665; St. Vincent's Parish v. Murphy, 83 Neb. 630, 120 N.W. 187, 35 L.R.A.,N.S., 919.

■ The civil courts will not take jurisdiction of a controversy arising out of the removal of a minister if the right to the position is merely spiritual or ecclesiastical. But if he has a civil or property right in his position, the civil courts will protect that right. But if there is such right in the minister, which will give the courts jurisdiction, it is well settled that his removal by the appropriate church tribunal is conclusive upon the courts, if there is no violation of contractual right. The question then arises as to the jurisdiction of the court to go behind the decision of that tribunal to inquire into its jurisdiction and regularity of its proceedings,—a question which we will not now undertake to solve. Notes, 35 L.R.A.,N.S., 919 to 924.

430

The complainants in the instant case tender a justiciable question when they allege that a tribunal of the church having authority has withdrawn from Woodall his rights as an elder and to preach in its house of worship, but that he refuses to abide by that action and holds properties of the church, and contends that he has the right to preach in it and use its properties contrary to the direction and authority of such church tribunal. Woodall's denial of that claim, set out in his affidavit, shows the propriety of its trial in civil courts to determine the right to the control and use of the church property. Complainants have made out a prima facie right to a temporary injunction as prayed for. The issue must finally be tried on pleadings set up by an answer, on which evidence may be taken in the usual way.

The decree of the trial court is reversed, and an order here made directing the issuance of a temporary injunction as prayed for upon executing proper bond in the sum of $150, conditioned and approved as required by law. Section 1043, Title 7, Code.

Reversed, rendered and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.