Peach, Caddell & Shanks and John A. Caddell, all of Decatur, for appellee.

39 So.2d 223

## COFFEY et al. v. EDGIL.

### 8 Div. 479.

Supreme Court of Alabama.

Feb. 17, 1949.

Rehearing Denied March 17, 1949.

BROWN, Justice.

After the filing of the bill in this case, in which the complainant seeks a temporary mandatory injunction compelling the respondents to remove obstructions placed by them in the street in front of the complainant's property and praying that said

injunction be made permanent on final hearing, application was made to the Honorable Newton B. Powell, one of the Judges of the Eighth Judicial Circuit, for fiat to the register to issue a temporary writ as prayed.

Judge Powell set the application down for hearing as authorized by § 1054, Title 7, Code of 1940, requiring the complainant to give notice to the respondents of the time and place of the hearing, such notice to be accompanied by a copy of the bill. The hearing was set for November 24, 1948, four days after the filing of the bill and six days from the date of the alleged obstruction of the street by respondents. On the hearing the complainant offered documentary evidence and testimony of witnesses given ore tenus in support of the application. The defendants in like manner strenuously resisted the application.

The controversy in its scope goes to the question of the existence of the roadway as a public street or road, established by use by the public under claim of right; recognition by the public authorities in supervising and maintaining it as a public street; recognition by the original owners (Decatur Land Company), who laid out and platted the lands by excepting from its conveyances parts of lots 12 to 23, inclusive, of Block 96, on which the alleged road is located, and subsequent conveyances making like exception, the fact that the way across the south end of said lots was an open road at the time the defendant Forbes conveyed to complainant and that said road was pointed out to complainant by Forbes or his agent while negotiating the sale as the northern boundary of the tract or parcel of land purchased by the complainant; the absence of objection or protest from defendants during the time she was constructing the buildings thereon in compliance with the Building Code of the City of Decatur, which code required all such buildings to front on a public street.

The relative inconvenience or injury that would result to the respective parties by granting or refusing the temporary writ was also pointed out at the hearing. At the conclusion of the hearing Judge Powell granted a temporary mandatory injunction, restoring the parties to the status ante litem motam. From that order the defendants have appealed, challenging the granting of the injunction as erroneous.

In view of the fact that the case must come to a trial on the merits and that the parties may adduce additional evidence, we refrain from expressing any opinion as to the probative force of the evidence offered on the hearing further than to say that, we are of the opinion that less inconvenience, annoyance and damage will result to the defendants by maintaining the status ante litem motam, than would be caused by refusing the temporary injunction to the complainant and that the discretion of the circuit judge, which is vested in him, was "wisely and well exercised." Lynne v. Ralph, 201 Ala. 535, 78 So. 889, 890.

On the authority of the cited case and Boatwright et al. v. Town of Leighton, 231 Ala. 607, 166 So. 418, the order of the circuit judge is due to be affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.