41 So.2d 582

**SLAY v. HESS et al.**

**8 Div. 478.**

Supreme Court of Alabama.
June 23, 1949.

Smith & Tompkins, Jas. E. Smith, Jr. and Jas. H. Tompkins, of Tuscumbia, for appellant.

Andrews & Almon and Clopper Almon, of Sheffield, for appellees.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Colbert County, Alabama, granting a temporary injunction. Title 7, section 1057, Code of 1940.

Upon the filing of the bill, and in accordance with the provisions of Title 7, section 1054, Code, the court set a time and place for hearing the application and ordered that notice of said hearing be given respondent as required by said section 1054, supra. The cause was submitted on the amended bill, answer and affidavits of the parties and others, and resulted in the decree from which this appeal is prosecuted.

The undisputed facts are as follows: The appellant, Charles C. Slay, a resident of Sheffield, Colbert County, and a veteran of World War II, was employed by the appellee, A. D. Hess, in the month of July 1947, in the business of operating and furnishing to the public a pest control service in North Alabama, known as "Jet Pest Control Service." The operation of the business consisted of spraying and treating dwellings and buildings with approved chemicals to eliminate all kinds of pest and insects under supervision of the Alabama Department of Agriculture and Industries. The employment of the appellant was under an arrangement whereby the appellant would be trained in the business under the provisions of the United States Government Veterans' Apprentice Training, otherwise known as the "G. I. Bill of Rights" or "On the Job Training." This arrangement was with the express consent and co-operation of the appellee, A. D. Hess. The appellant at the beginning of his employment received a salary of $20.00 per week from the appellee, A. D. Hess, which amount was supplemented by the United States Government to the extent of $90.00 per month, and which weekly salary from the appellee, A. D. Hess, was increased $10.00 per week every three months. The appellant was employed by

the appellee, A. D. Hess, under such arrangement for a period of nine months, from about July 1, 1947 to April 1, 1948. During the period of such employment the appellant was required to attend school at the Sheffield High School in Sheffield, Alabama, at regular times, and to study so as to become proficient in such type of work.

On or about September 30, 1947, the appellant, while being so employed by the appellee, A. D. Hess, under the arrangement set forth above, was requested by the appellee, A. D. Hess, to enter into a written contract of employment, a copy of which written contract is marked exhibit "1" to the bill of complaint. The pertinent paragraphs of the contract of employment so far as this appeal is concerned are as follows:

"5. This contract shall be effective on the 15th day of September, 1947, and shall continue in effect until either party terminates it by giving two weeks notice in writing to the other party, except that the last clause of this contract (6) may not be terminated except by the party of the first part.

"6. The party of the second part agrees that for a period of five years beginning August 1, 1947, he will not participate in any pest control work or similar business coming under the jurisdiction or supervision of the Alabama Department of Agriculture and Industries, within a radius of one hundred miles of Sheffield, Alabama, without the written consent of the party of the first part, except as employee or partner of the party of the first part."

After the execution of said contract the appellee, A. D. Hess, sold a one-half interest in and to the business to appellee, T. E. Gerber, after which the appellees operated the business as partners.

The appellant continued to work in the employment of the appellees, A. D. Hess and T. E. Gerber, under the original arrangement of employment entered into in June of 1947, notwithstanding the written contract executed on September 30, 1947, until about June 30, 1948, which was approximately two months after the appellant's G. I. training had terminated, on

which date the appellant was discharged by written notice, which notice was as follows:

"Sheffield, Alabama
"June 30, 1948.

"Mr. Charles C. Slay,
"1503—29th
"Sheffield, Alabama.

"Dear Mr. Slay:

"For reasons discussed with you verbally, your services with Jet Pest Control Service are hereby being terminated. In accordance with the terms of our written contract entered into under date of September 30, 1947, you will be kept on our payroll for a period of two weeks from the present date at your regular salary of $50.00 per week. At the end of this two-week period, you will be paid the full amount due you less the balance of your indebtedness to the company.

"Your attention is called to the fact that clause 6 of the above contract is not cancelled and that for a period of five years beginning August 1, 1947, you will therefore not be permitted to participate in any pest control or similar business coming under the jurisdiction or supervision of the Alabama Department of Agriculture and Industries within a radius of one hundred miles of Sheffield, Alabama.

"A. D. Hess
"A. D. Hess
"T. E. Gerber
"T. E. Gerber."

After being discharged by the appellees on June 30, 1948, the appellant opened a business in Sheffield, Alabama, in his own behalf and began furnishing a pest control service to all persons who desired such service.

On November 8, 1948, the appellees filed a bill of complaint in the Circuit Court of Colbert County, sitting in equity, seeking to enjoin the appellant from engaging in the business described in the contract and from violating the conditions of paragraph six of the contract.

Affidavits of complainants and others are to the effect that respondent has solicited, and is soliciting, business from complainants' patrons and former patrons.

In passing on the application for the issuance of an injunction pendente lite,

458

the trial court is invested with a wide judicial discretion and has the right to consider and weigh the relative degree of injury or benefit to the respective parties, and where such discretion is not abused the order of the circuit court will not be disturbed. Jones et al. v. Jefferson County et al., 203 Ala. 137, 82 So. 167; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516; Boatwright et al. v. Town of Leighton et al., 231 Ala. 607, 166 So. 418.

■ "The right to temporary injunction does not depend on any advance finding for complainant on the merits. Odoms v. Woodall, 246 Ala. 427, 20 So.2d 849; Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269. It is not necessary that complainant must present a case which will certainly entitle him to a decree upon a final hearing for he may be entitled to temporary injunction though his right to relief may ultimately fail. If the bill clearly shows a substantial question to be decided, a temporary injunction to preserve the status quo is in order. Glass v. Prudential Ins. Co. of America, 246 Ala. 579, 22 So.2d 13; Coxe v. Huntsville Gaslight Co., 129 Ala. 496, 29 So. 867." Hamilton v. City of Anniston et al., 248 Ala. 396, 27 So.2d 857, 861.

■ We are not of the opinion that the trial court has abused the discretion in granting the temporary injunction, and the decree will be affirmed.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.