HARDY, Judge.
This is a suit in which plaintiffs, Leroy Glaze Furniture Company, a- commercial partnership, and the individual partners, A. R. Rush; and J. Leroy Glaze, .seek to recover the sum of $150.00 alleged to have *345 been erroneously overpaid as rent, certain articles left' in the’ leased premises, and damages for the deprivation of the use of such articles, from the .defendants as the owners and lessors of property occupied by plaintiffs under a written agreement of lease. There was judgment in favor of plaintiffs in the sum of $150.00 and further judgment recognizing plaintiffs as owners of the articles of movable property specifically described, from which judgment defendants have appealed.
Sometime prior to June 1, 1945, plaintiffs moved into and occupied a brick building owned by ■ defendants. The written lease setting forth terms and conditions was not executed until Sometime subsequent to July 10, 1945. The lease itself provided for a period of three years beginning on the 1st :day of June, 1945 and terminating on the 1st day of May, 1948. By agreement between lessors and lessees the lease was terminated as of December 31, 1947. Plaintiffs claim that through error they paid to defendants in the month of January, 1948, the sum of $150.00, which amount was the stipulated monthly rental payable in advance under the terms of the lease. Inasmuch as plaintiffs’ occupancy and the lease itself had been terminated by agreement as of December 31, 1947, plaintiffs allege and urge that this amount, representing the rental for January, 1948, should be returned. Defendants contend that the amount paid was due for and applied to rent for the month of December, 1947, and on this ground .recovery for plaintiffs is resisted.
Additionally plaintiffs claim that -upon their surrender of the occupancy of the premises they left therein certain articles, particularly described as being one ceiling fan, one fire extinguisher and eleven flourescent light fixtures; that they have been refused permission to remove these articles, and, accordingly, seek to be declared the owners thereof. The record reflects the concession by counsel for defendants as to the ownership of the fan and fire extinguisher, and although there is some difference in opinion and dispute as to the ownership of the light fixtures, the trial Judge found that the record established the ownership in plaintiffs and decreed their ownership and right to recovery thereof. Our examination of the record discloses no error in this finding by the District Judge..
No effort was made by plaintiffs on trial to introduce testimony with respect to their claim for damages resulting "from deprivation of the use of the articles above spécified, and this claim was properly disallowed by the learned Judge of the trial Court.
The principal bone of contention as between the parties involves the alleged overpayment of the one month’s rent-in the sum of $150.00. Determination of this point is controlled by the establishment of the actual time of .occupancy of defendants’ building by plaintiffs. The written lease fixes the beginning of the term thereof as June 1, 1945, and it is this date as the beginning of payment of rentals for which plaintiffs contend. But .admittedly plaintiffs did occupy the leased premises sometime prior to June 1, 1945. On this point one of the plaintiffs testified that he did not remember, and referred all questions along this line to his partner. The partner testified that the building was occupied sometime in May, 1945, with the understanding that rental would not begin until the first of June, -but it is noted that his testimony on this point was rather vague and uncertain and he was finable to fix, and, in fact, made no attempt to establish, even an approximate date with respect to the beginning of occupancy. On the contrary one of the defendants, Mr. Walter Sterkx, who handled the lease negotiations, testified positively that plaintiffs occupied the premises sometime in April, 1945; that no rent was charged until May 1, 1945, and that the date of June 1, 1945, as reflected by the lease, was set up by agreement between the parties.
In view of this definite conflict of testimony we are influenced not only by the date set forth in the written lease, which was drawn by the defendant, Walter Sterkx, but further by the finding of our *346 distinguished brother of the trial Court on this question of fact. However, painstaking examination of certain exhibits in the record introduced on behalf of plaintiffs has led us to the conclusion that the trial Judge erred and that plaintiffs are in error in their contentions.
Thirty-one cancelled checks were introduced on behalf of plaintiffs as representing payments of rent over the entire period of occupancy. The disputed payment is represented by a check dated 1-21-1948. It is this payment that is claimed by plaintiffs to have been made in error but which defendants stoutly contend represents payment of rent, not for January, 1948, but for December, 1947. Examination of .this check discloses that it bears the notation “for December rent”. Since the document was introduced by plaintiffs they are bound by its representations, and,, accordingly, we are convinced that the-notation should prevail.
In further support of our conclusion we-note that the lease agreement provided for the payment of monthly rent in advance- and plaintiffs testified that the rental was. so paid. Examination of the remaining checks, numbered 1 to 30, inclusive, shows that there was evident confusion on the-part of plaintiffs themselves as to the application of rental payments. For example,, check No. 1 dated 8-14-1945 bears the notation “August rent”, which would-accord with plaintiffs’ contention. The next notation appears on check No. 16, dated 10-1-1946, “Rent Sept. $150.00.”
For purpose of clarity we list all the checks which bear notations thereupon, together with the dates thereof, as follows:
No. Date Notation
P-16 “10/1-1946” “Rent Sept. 150.00”
P.-17 “11/4-1946” “October Rent”
P-18 “12/9-1946” “Nw. Dec. Rent 150.00”
“1/1/47
P-19 43--34■■ -1946” “Bes. Rent Jan. Rent”
P-20 “February 4, 1947” “Rent January 1947”
P-21 “March 4, 1947” “Rent Feby. 1947”
P-22 “4/9-1947” “Mch Rent”
P-23 “S/10-1947” “April Rent 150.00”
P-24 “6-10-1947” “June Rent”
P-25 “July 5, 1947” “June Rent”
P-26 “August 8, 1947” “Monthly Rent for August”
P-31 “1-21-1948” “For December Rent”
An examination of the above list discloses an evident confusion on the part of plaintiffs themselves. Acceptance of the notations as made definitely preponderates against plaintiffs’ claims.
In view of the inconsistencies which we have pointed out, certainly plaintiffs cannot be held to have established their claims with that -degree of definite-certainty which is required by law.
For the reasons assigned the judgment' appealed from is amended by rejecting-plaintiffs’ demands for the amount claimed' as overpayment of rent, and as amended! the judgment is affirmed. The costs of this appeal to be borne by plaintiffs and all other costs by defendants.