219 So.2d 903

**Lila DEWS**

**v.**

**Henry J. PETERSON et al.**

**7 Div. 728.**

Supreme Court of Alabama.

March 6, 1969.

Love & Love, Talladega, for appellant.

Dempsey & Hardegree, Ashland, for appellees.

COLEMAN, Justice.

The respondent appeals from a final decree for complainants on a bill in equity in which complainants pray for a decree declaring: that a certain parcel of land is owned by the Hollins Springs Missionary Baptist Church, or is held by trustees for said church; that respondent has no right, title, interest, or claim in or to said land; and that respondent be enjoined from interfering with the conduct of the services and affairs of said church and from trespassing upon and interfering with the use and occupancy of said land.

The suit is brought by four individual persons who are described in the bill as deacons, members, and trustees of said church. Complainants do not aver that the church is incorporated. They state in brief that the church "is an unincorporated church or association."

Complainants aver that the church owns a building located on the land in controversy and has been in possession for more than fifty years; that respondent is a member of the church; that she has undertaken to prevent the church and its membership from making repairs and improvements on the building; that she recently destroyed some new steps which the church and its membership had erected;

that she has disrupted and interfered with divine worship of the church; all of which is working irreparable damage to the personal and property interests of complainants and to the interests of the church.

Respondent filed answer and cross bill in which she denies the capacity in which complainants sue. She avers that she constructed and built the church herself, that it was built on her property, that services have been conducted in the building with her permission and consent, that she has never conveyed the building or land to the church, and that the building is her building, paid for by her and she has a right to possession of her property.

It is clear from the pleading and evidence, as well as the decree, that the issue in this suit is the title to the parcel of land described in the bill and the church building thereon. There is no deed to the church or to anyone else for the use of the church. Apparently, the record title is in respondent. Complainants' claim is that the church has acquired title or ownership by dedication or prescription. The issue is whether the church owns the property.

■ The church is not made a party to this suit. Complainants state in brief that "the action was brought by the complainants as members of the Hollins Springs Missionary Baptist Church * * *."

"The church, whether an incorporated body, or a voluntary association of persons, is a necessary party to any proceedings affecting its properties. * * *" Bailey v. Washington, 236 Ala. 674, 676, 185 So. 172, 173; Skyline Missionary Baptist Church v. Davis, 245 Ala. 455, 458, 17 So.2d 533.

In Bailey v. Washington, supra, the suit was for injunctive relief against certain trespasses by respondents in taking possession of the church building and excluding complainants therefrom. This court said:

"It, therefore, follows that the trial court's decree, in dismissing the bill of

complaint, was justified, on at least two grounds: First, the failure to make the church a party; and, second, because the evidence fails to sustain the averments of the bill upon which its equity is based." (236 Ala. at 677, 185 So. at 175)

In *Skyline,* supra, the suit was to enjoin respondents from conducting services in a church and from trespassing upon the church property. Respondents challenged the authority of attorneys to institute the action in the name of the church. This court concurred in the finding that authority to use the name of the church had not been shown and affirmed the decree discharging a temporary injunction. Affirmance was rested on the ground that the church was a necessary party and was not properly before the court.

 Under the pleading and proof in the case at bar, the trial court, in the first instance, and this court, on appeal, have power to declare that the church has no right, title, or interest in the property in controversy. To so declare in a suit in which the church is not a party would offend that fundamental principle of the common law which requires that a party have his day in court before judgment be rendered against him. Where, as here, the question for decision is the title to the church land and building, we are of opinion that the church, whether incorporated or not, is a necessary party.

 The protective jurisdiction of equity may be invoked by members, or by representative officers of the church, or both, who would protect the trust property from diversion to another purpose. *Skyline,* supra.

 Although the church is a necessary party to the instant suit, and even though there be no rightful authority to make it a party complainant, there is nothing to preclude its being made a party respondent by appropriate amendment. *Skyline,* supra.

It appears that respondent may not own the entire interest in the land in suit. She may be a tenant in common with other persons. In Bryan v. W. T. Smith Lumber Company, 278 Ala. 538, 543, 179 So.2d 287, 291, in a suit to establish a disputed boundary, we said:

"\* \* \* We think tenants in common are necessary parties in such a suit."

If respondent does not, in fact, own the entire interest in the land involved in the instant suit, complainants might advisedly consider whether the other owners of the land should be made parties.

 The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28; Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 47 So.2d 345; Rollan v. Posey, 271 Ala. 640, 645, 126 So.2d 464. See also: Denson v. Foote, 273 Ala. 470, 142 So.2d

877; Reid v. City of Birmingham, 274 Ala. 629, 150 So.2d 735; Alabama Farm Bureau Mut. Cas. Ins. Co. v. Crestman, 277 Ala. 410, 171 So.2d 119; City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247; Sexton v. Sexton, 280 Ala. 479, 195 So.2d 531.

For the absence of a necessary party, the decree is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.